# LYON v. LYON.

No. 7229.   Decided May 16, 1949.   (206 P. 2d 148.)

See 8 C. J. S., Bankruptcy, sec. 570; 6 Am. Jur. 617. Bankrupt's transfer of exempt property, note, 161 A. L. R. 1009.

*Christenson & Christenson,* Provo, for appellant.

*J. Rulon Morgan, Elias Hansen,* Salt Lake City, for respondent.

WOLFE, Justice.

Appeal by the defendant from a judgment of the Fourth District Court in favor of the plaintiff for $2,750 and adjudging the enforceability of future payments to plaintiff in accordance with a prior decree of divorce rendered between the parties herein. It is necessary to a proper understanding of the case that the background and surrounding facts be related in some detail.

For some twenty-two years prior to 1945 plaintiff and defendant had lived together as husband and wife. In that year, plaintiff commenced an action for divorce against defendant, and in her complaint she alleged that they had "agreed upon a *property settlement*" (italics added) and prayed that she "be awarded a *property settlement*" (italics added), and for general relief. There was no prayer for alimony. On the same day that the complaint was verified, the parties entered into a written stipulation for a judgment of $5,000 payable $50 *or more* per month; and providing for payment by defendant of a mortgage on certain land in Indiana owned by the parties; and that defendant carry a $5,000 life insurance policy naming plaintiff as beneficiary, until the $5,000 judgment and the mortgage were fully paid. After hearing, the court concluded that plaintiff was "entitled to a *property settlement* as set forth in the stipulation," and entered a decree substantially incorporating the provisions of the stipulation. At no place in the pleadings, findings of fact, conclusions of law, or decree did the words "alimony" or "support money" appear. All references to the money judgment and other provisions of the decree relating to the financial obligations of the de-

fendant to plaintiff were in the terms of "property settlement."

Some months later, and after the expiration of the interlocutory period, defendant filed a petition for modification of the divorce decree by way of reduction in the amount of the monthly payments ordered by the decree of the court. Plaintiff resisted the granting of the petition by demurrer, motion, and answer, asserting that the decree provided for a property settlment, and not for alimony, and therefore was beyond the jurisdiction of the court to modify. Plaintiff's general demurrer to the petition was sustained, and defendant having failed to amend within the time allowed, the petition was dismissed on motion of plaintiff. The order of dismissal reads in part as follows:

"And the court having determined that the provisions in the decree of divorce herein, of which modification is sought by said petition, *are not orders for the payment of alimony* but are accrued and vested judgments which this court has no jurisdiction to modify by reason of changed conditions;

\* \* \* \* \*

"It is now ordered and adjudged: that the said petition be, and the same is hereby, dismissed."

In 1947 defendant was adjudged a bankrupt, and was discharged from all claims and debts except such as are excepted from discharge by the Bankruptcy Act, 11 U. S. C. A. § 1 et seq.

Subsequent thereto, and on petition of plaintiff, the district court (of Utah) issued an order to show cause why the amount due plaintiff under the divorce decree should not be fixed, and why defendant should not deliver to plaintiff a life insurance policy for $5,000 with plaintiff as beneficiary, and why defendant should not be punished for contempt. Defendant answered, pleading his discharge in bankruptcy. After hearing on the order to show cause, the court held that defendant's obligations under the divorce decree were not discharged in bankruptcy, and entered judg-

ment against defendant for $2750 as accrued payments and for costs. Defendant was found not in contempt. From that judgment defendant appeals.

The ultimate question to be determined is whether the unpaid financial obligations of the defendant to the plaintiff under the decree of divorce were discharged in bankruptcy, or stated differently, whether the divorce decree comes within the provisions of that portion of the Bankruptcy Act which reads as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except * * * for alimony due or to become due, or for maintenance or support of wife or child * * *." 11 U. S. C. A. § 35.

Defendant has set forth 29 assignments of error, but many of these go to the same question or questions, and they may be consolidated for convenience of discussion.

Before consideration of the legal questions involved, it should be further observed that at the hearing on the order to show cause, the court admitted in evidence, over the objection of the defendant, testimony as to the conversations between the plaintiff and defendant leading up to the written stipulation upon which the decree was based. That testimony was to the effect that prior to the divorce the parties had jointly owned an equity in a home in Indiana, but before the divorce that home was placed in the wife's name alone; that at the time the written sipulation was signed, it was understood between the parties that the $5,-000 was for her support and maintenance, and the payments on the house mortgage were for the same purpose, and that the insurance was to assure her at least $5,000 for the same purpose. On cross-examination plaintiff testified that in addition to their home, the parties owned, at the time of their divorce, certain antiques, household furniture, $2,700 in cash, an automobile, and some war bonds. Prior to her marriage to defendant, plaintiff had had experience as a stenographer, music instructor, and a buyer.

Defendant testified that prior to the divorce plaintiff had set $5,000 as the price for defendant's freedom. He further testified as to certain jewelry owned by plaintiff at the time of the divorce. Of all the personal property owned by the parties at the time of the divorce, defendant kept the car (equity worth about $350), his personal clothing, and a part of the furniture, and plaintiff received all the rest. Defendant further testified that at no time in connection with the stipulation was there any mention of alimony, it being always referred to as a property settlement; that plaintiff would say she didn't want to be left penniless; that she said she wanted "her share," and that she was entitled to that much and if he wanted his freedom from her she would have to have that amount.

Defendant further testified that his annual gross income from his employment at Geneva Steel Company was $7,000 per year, and that he had been continually employed there from a time prior to the divorce up to the time of hearing except for a period from October, 1945, to July, 1946, when operations had been shut down. From January to June of 1946, defendant had been employed by another steel company in Gary, Indiana.

The basis of the decision below is revealed in a well considered memorandum decision written by the trial judge, and although it constitutes no part of the record before us, it has been of material assistance to us in reaching a decision in this case. The trial court took the view that even though the divorce decree provided for a property settlement, such property settlement was "in the nature of alimony" and therefore the obligation thereunder was not discharged in bankruptcy. In this connection it must be noted that it is not just alimony in its conventional form (viz., monthly payments to a wife) which is excluded from the provisions for discharge of debts. All obligations "for maintenance or support of wife or child," whether denominated alimony by the state statute or not, are such as are not dischargeable in

bankruptcy. It follows, therefore, that the real issue in this case is not, as the parties have argued, whether the award of the divorce decree was alimony or a property settlement, but rather whether the "property settlement" was really an award for the support and maintenance of defendant's wife.

In his memorandum decision, after pointing out that of the $7800 worth of real and personal property owned by the parties at the time of the divorce, plaintiff received more than $7,300 worth and defendant received only about $460 worth, the trial judge clearly stated his reasons for holding that the property settlement was "in the nature of alimony" in the following language:

"Divisions of property between divorce litigants are not ordinarily made upon a basis 1/16 to the husband and 15/16 to the wife. Yet that is the approximate ratio of the division in this stipulation. The right in lieu of dower in Utah is only one-third to the wife. Strict divisions of property have gone as high as one-half each. Thus, looking behind the decree and the stipulation, the conclusion seems inescapable under the authorities cited that much of the property awarded, without regard to the order for payment of the mortgage upon the home, or the judgment for $5000, or the order for maintenance of the insurance protection, was 'in the nature of alimony,' and designed and contemplated by the parties to be for the support and maintenance of the plaintiff.

"Such a conclusion is further supported by consideration of the years that the parties maintained the domestic relationship, by the fact that she was a stenographer and self-sustaining before marriage, that she is. now 56 years old and thus practically unemployable in her profession, and by her positive testimony that in the attorney's office at the time of drawing the stipulation the payments of money were referred to as being for her support and maintenance, and by the defendant's admission that support and maintenance of the plaintiff was discussed there."

In attacking the judgment, defendant first asserts that the court erred in receiving evidence of conversations between the parties leading up to the written stipulation upon which the "property settlement" provided for in the divorce decree was based; that the trial court erred in receiving

evidence as to the disposition by the parties of personal property not mentioned in the stipulation or decree; and that it was error for the trial court to go behind the divorce decree to determine the nature of the award therein provided.

It may be true, as contended by defendant, that as a general rule a trial court will not look behind a judgment or decree to determine the nature thereof, unless it is so ambiguous or uncertain that extrinsic evidence is necessary to explain it. However, plaintiff has cited to us a number of cases holding that courts will look behind the judgment to ascertain whether the obligation which was merged in the judgment was dischargeable in bankruptcy. See *In re Williams,* 208 N. Y. 32, 101 N. E. 853, 46 L. R. A., N. S., 719; *Green* v. *Beaumont,* 179 Ga. 804, 177 S. E. 572; *Bever* v. *Swecker,* 138 Iowa 721, 116 N. W. 704; *Taylor* v. *Buser,* 167 N. Y. S. 887; *Smith* v. *Smith,* D. C., 7 F. Supp. 490; and 2 Freeman on Judgments, 5th Ed., 1176, 2349, Sections 552, 1128. We have discovered no authority to the contrary. The rule announced in the cases and texts above cited is reasonable and necessary to give full effect to the legislative intent. Otherwise, many obligations intended to be excepted from the discharge provisions of the Bankruptcy Act might nevertheless become discharged simply because they had been merged in judgments or into written contracts. The court did not err in receiving extrinsic evidence to show the true nature of the obligation of defendant to plaintiff.

Defendant next contends that even though the court did not err in receiving extrinsic evidence as to the nature of award provided for by the divorce decree, such evidence did not justify the holding that the award was "in the nature of alimony." With this contention we cannot agree. As pointed out in the memorandum decesion of the trial court, a property settlement of 15/16 in favor of the wife and 1/16 to the husband is highly unusual. The wife was well past middle age and could not

reasonably expect to find employment of the type for which she had been trained. The fact that the husband was to pay off the mortgage on the home, that he was to pay the alimony in gross in monthly installments of $50, that he was to carry insurance on his own life with his former wife as beneficiary, and that she received nearly all of the household furniture, all point to the idea of support. The evidence adequately supports the findings and holdings of the trial court.

It is next argued by defendant that the question is res judicata. Counsel contends that the effect of the original divorce decree was to pronounce a property settlement; that it did not provide for alimony; that the court having thereafter determined that such award was a property settlement and hence beyond the power of the court to amend after the expiration of the interlocutory period, they could not now re-examine the same question and hold that the award was "in the nature of alimony."

The issue determined on the petition for modification of the divorce decree was not the same issue as the one now confronting us. The issue in the former proceeding was whether the award was of such nature that it could be modified under Sec. 40-3-5, U. C. A. 1943. The question now before us is whether the award was of such nature as to be dischargeable in bankruptcy. Defendant concedes

"that the mere fact that a judgment may not be modified by the court does not render the same dischargeable in bankruptcy * * *. The character of the liability is the controlling matter, not simply the incidents with respect to finality or modification, although they may be indicative as to such character."

The ruling upon the demurrer to the petition for modification in the court below and the subsequent order of dismissal on failure of petitioner to plead over, are not inconsistent with the subsequent ruling of the court on the question of discharge in bankruptcy. The ruling on the

demurrer to the petition for modification and the order of dismissal of the petition were based upon the ground that the agreement incorporated in the divorce decree provided for a judgment in a definite sum, namely $5,000, although payable over a period of years at the rate of $50 per month. The court reached the conclusion, as evidenced by the order of dismissal of the petition to modify, that this judgment was not subject to modification by the court. There is not necessarily implicit in such ruling a holding that the contract incorporated in the divorce decree constituted a property settlement rather than a provision for the payments in the nature of support money.

In its subsequent ruling on the question of discharge in bankruptcy, the court held in effect that the monthy payments provided for in the decree were in the nature of support money and hence not dischargeable in bankruptcy.

It does not necessarily follow, because a decree such as that before us is not subject to modification (assuming for the purpose of this decision that the court was correct in so holding), that the payments provided in such decree are not in the nature of support money within the intendment of the Federal Bankruptcy laws. Hence the ruling on the petition to modify was not properly pleadable as res judicata of the question involved in the subsequent proceedings in the order to show cause.

In *D'Andria* v. *Hageman*, 253 App. Div. 518, 2 N. Y. S. 2d 832, 835, it was held that an agreement for the payment of a debt owing to the wife in lieu of support, and further providing that the unpaid portion would upon her death pass to her estate, was exempt from a discharge in bankruptcy even though the agreement was that the plaintiff would relinquish her claim for support and maintenance if the defendant would pay her the $60,000 he owed her because of advances made to him in furtherance of his career. The court said

"in a sense it involved a contract for the maintenance or support of the plaintiff since the defendant, in making payment of the debt, would be released also from that obligation."

In short, the debt was by the agreement of the parties "converted into a contract 'for the maintenance and support of wife' within the purview of section 17 of the Bankruptcy Act."

The judgment in the *D'Andria* case was affirmed by the Court of Appeals of New York, 278 N. Y. 630, 16 N. E. 2d 294.

It seems clear that the agreement construed by the New York court would not be subject to modification, in a court proceeding instituted for such purpose. However, this fact did not preclude a holding that the agreement did provide for payments in the nature of support money and hence the obligation was not dischargeable in bankruptcy. True, in that case the court was not confronted with a plea of res judicata. But the opinion clearly reveals that had there been an adverse ruling on a petition to modify prior to the decision in the case in question, the same result relative to discharge in bankruptcy would have been reached.

Defendant has argued that if we should hold, as we do, that the award of the divorce decree was not dischargeable in bankruptcy, we should further hold that the trial court could entertain a petition for modification of the decree, and upon a proper showing of change of circumstances, should order a modification. The question of whether the award of the decree was one which could be modified on a petition for modification, has not been, by appropriate assignment of error and argument in the printed briefs, presented to us for decision, and hence, as to that question we express no opinion, except as to the implications of the discussion on the conclusiveness of the judgment of dismissal for failure to amend the petition for modification may throw light on said question.

The judgment is affirmed. Costs to respondent.

PRATT, C. J., and WADE, LATIMER and McDONOUGH, JJ., concur.