406 P.2d 304

Margaret L. **JORGENSEN**, Plaintiff and Respondent,

v.

Cleon A. **JORGENSEN**, Defendant and Appellant.

No. 10353.

Supreme Court of Utah.

Oct. 1, 1965.

Perry & Perry, Ted S. Perry, Logan, for appellant.

B. H. Harris, Logan, for respondent.

CROCKETT, Justice.

Defendant Cleon A. Jorgensen appeals from an order modifying a divorce decree. His main attack is upon the requirement that he pay $70 per month as alimony until $1700 plus interest is paid.

The parties were divorced and decree entered June 24, 1963, awarding the plaintiff a divorce and custody of three teenage children remaining at home. The defendant had earnings of between $80 and $100 per week. In connection with his obligation to support his family, he was ordered to make payments of $75 a month for the mortgage payments on the family home in Hyde Park, Utah; and to pay the sum of $1.00 per month alimony. A year later in a supplemental proceeding it was made to appear that the defendant had filed a petition in bankruptcy and listed the debt on the home and had failed to make the payments. The court entered a judgment for $840 arrears in those payments; and modified the decree, requiring him to pay $100 per month alimony and support money. No appeal was taken from that order.

In February 1965 the plaintiff instituted this proceeding against the defendant for his failure to comply with the order just referred to, asking for a judgment on a delinquency of $550, and that he be punished for contempt for his wilful disobedience of the court's orders. In response thereto the defendant also sought a modification: that he be relieved of further support of the children, who had then reached their majority; and from any payment of alimony, alleging that the plaintiff had become employed, earning $250 per month. The judgment entered was that the defendant be relieved of future support money; but that he should pay the accrued past due amounts; and that he should also pay $70 per month as alimony until the sum of $1700 with interest at 7% per annum is paid, plus an additional $75 attorneys fees.

The defendant contends that the trial court erred in "increasing the alimony" because the plaintiff did not petition for such an increase; and that there was no material and permanent change in circumstances in her favor, but the only evidence was to the contrary: that she is now employed, whereas due to his seasonal construction work, the defendant is unemployed; and that for these same reasons it was error to award the plaintiff attorneys fees.

We see neither necessity nor desirability of any extensive discussion of these specious contentions. There are several considerations which tend to support the propriety and the wisdom of the trial court's action. In the original decree the defendant was ordered to pay the mortgage payments, which he failed to do. His listing the debt in bankruptcy may have had the effect of barring action on his personal obligation, but it did not pay the debt, nor protect the family home.[1] The result insofar as this case and these parties is concerned was an attempt to circumvent the divorce decree. The order from which he now appeals is an implementation of the original judgment and reaffirms his obligation to pay the debt.

Another significant point in the problem raised here is this: inasmuch as no appeal was taken from the modification of the decree in June 1964, requiring the defendant to pay $100 per month as support money and alimony, it became final. The children having come of age and the defendant being relieved of their support in the future is a substantial change in circumstances [2] which would provide a reasonable basis for the trial court to judge that it is now fair and reasonable that the defendant pay $70 per month as alimony; and the limitation as to the total amount to be paid is certainly favorable to defendant.

Supplementing the foregoing is the further consideration that the order made impresses us as neither inequitable nor unjust in any way. In addition to the facts hereinabove recited, the parties had been married for 23 years and had raised a family of five children. If there had been any reasonable prospect that the defendant could have made more substantial contributions to the family the court undoubtedly would have been justified in imposing a greater financial obligation on him, both at the time of the divorce and at the time of the modification. The fact that part of his obligations terminate, such as the duty to support his children, does not mean that he is automatically entitled to a proportionate reduction in his total payment. But it was the prerogative of the court to then reappraise the whole situation and taking into account all pertinent factors, make such order as it then deemed just and equitable.[3]

It is our opinion that the modification of the decree is well within the latitude of discretion in such matters reposed in the trial court; and with respect to which his judgment should not be interfered with unless there is shown such injustice or inequity as to indicate a clear abuse of that discre-

1. See Lyon v. Lyon, 115 Utah 466, 206 P. 2d 148.
2. See Peters v. Peters, 15 Utah 2d 413, 394 P.2d 71; and Cody v. Cody, 47 Utah 456, 154 P. 952.

3. For a general statement as to factors to be considered in divorce matters, see MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066; and Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.

tion.[4] · The award made as to attorneys fees also conforms within that rule; and upon remand there should be a reasonable augmentation thereof for the purpose of defraying the plaintiff's additional expenses in that regard incurred by this appeal.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.