Arlene H. TREECE, Plaintiff in Error,

v.

Glenn TREECE, Defendant in Error.

No. 42574.

Supreme Court of Oklahoma.

Sept. 9, 1969.

Shores & Babb, Oklahoma City, for plaintiff in error.

Randle L. Graham, Oklahoma City, for defendant in error.

LAVENDER, Justice:

This appeal is an outgrowth of a judgment rendered on the 8th day of September, 1961, in an action by the plaintiff in error herein for separate maintenance, child support, and a division of property, in which the trial court, in addition to au-

thorizing this plaintiff in error, as plaintiff in that case, to live separate and apart from the defendant in error herein, who was the defendant in that case, and requiring the defendant in that case to make certain monthly payments to the plaintiff in that case for the support of her and two minor children of the parties, made the following provisions with respect to the home of the parties:

"It is therefore considered, ordered, adjudged and decreed by the Court, that the plaintiff be, and hereby is, entitled * * * to the home of the parties, more particularly described as follows, to wit: The South 85 feet of Lots 19, 20, 21 and 22, Block 4, Town of Okarche, Canadian County, Oklahoma, free, clear and discharged of and from any claims of the defendant.

"It is further considered, ordered, adjudged and decreed by the Court, * * * the defendant be and he hereby is required to pay the monthly payments due on the * * * note secured by a mortgage on the real estate above described * * *."

On February 12, 1962, the defendant in error herein, as plaintiff, commenced a separate action in the same court, praying for a divorce from the plaintiff in error herein and that the court provide for the custody of the minor children of the parties (which he consented and agreed be awarded to the defendant) and for the support of said minor children. The plaintiff in error, as defendant in that case, filed an answer and cross-petition in which she pleaded, among other things, the order and decree entered in the above-mentioned case (No. 18,781 in the District Court of Canadian County, Oklahoma) and that, with respect to the property rights of the parties, said order and decree is binding on the parties, and prayed "that upon a hearing hereof she be divorced from the plaintiff; that the care and custody of the minor children of the parties be awarded to and confided in the defendant; that the court make and enter its order providing for the

plaintiff to pay to this defendant a reasonable amount each month for the support and maintenance of said children, and that the court confirm, ratify and approve the settlement of the property rights of the parties made and entered by this court in cause No. 18781, heretofore referred to; and that the defendant have all other and further relief to which she may be entitled, including the costs of this action and a reasonable attorney fee."

The parties hereto will be referred to, hereinafter, by their designations in the divorce case.

On October 12, 1962, the trial court rendered judgment in the divorce case and, in its journal entry thereof, found (among other things) that, with respect to the settlement of the property rights of the parties, the order and judgment of September 8, 1961, in the separate maintenance action, is res adjudicata and is binding on the court in the divorce action with respect to the property owned by the parties at the time of the rendition of said judgment, and that the only property acquired by the parties since the rendition of that judgment is an automobile acquired by the plaintiff, which should be set over to the plaintiff free and clear of any claims of the defendant. Except with respect to the automobile, just mentioned, an attorney fee for the defendant's attorney, and the usual provision concerning remarriage of the parties, the judgment portions of the journal entry provide that:

"It is therefore considered, ordered, adjudged and decreed by the court that the defendant be and she hereby is divorced from the plaintiff; that the exclusive care and custody of the minor children of the parties, Larry Treece and Kathy Treece, be and the same hereby is awarded to and confided in the defendant, subject to the right of the plaintiff to visit said minor children at reasonable times and places; that the plaintiff be and he is hereby ordered and directed to pay to the defendant for the support and maintenance of said minor

children the sum of $75.00 per month, the first such payment to be due and payable on or before the 20th day of October, 1962, and thereafter on the 20th day of each succeeding month until the further order of this court.

"It is further considered, ordered, adjudged and decreed by the court that in conformity with the decree of this court heretofore made and entered in the separate maintenance action hereinbefore referred to, there is hereby set over and assigned unto the defendant herein, the household furniture, the 1960 Ford automobile and the home of the parties more particularly described as follows, to wit: The South 85 feet of Lots 19, 20, 21 and 22, Block 4, Town of Okarche, Canadian County, Oklahoma, free, clear and discharged of and from any claims of the plaintiff herein; and that pursuant to said decree above referred to the plaintiff shall pay the mortgage indebtedness now existing on said above described real estate in the amount of $60.00 per month, such payments to be made as they become due, and to hold the defendant harmless on account thereof."

The questions presented herein arose at a hearing on a citation issued to the plaintiff, on application of the defendant, to appear and show cause why he should not be punished for contempt of court for failure to comply with the order of October 12, 1962, requiring him to make the monthly payments on the mortgage indebtedness as they became due. The plaintiff asserted that, on April 1, 1963, he had been discharged, in a bankruptcy proceeding in the federal court, from the payment of all debts listed in his petition in bankruptcy (filed on February 6, 1963), which included the mortgage indebtedness in question, under 11 U.S.C. § 35, which provided insofar as pertinent herein:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * or for alimony due or to become due, or for main-

tenance or support of wife or child, * * *."

It appears that all of the mortgage payments involved in the contempt proceedings (two separate applications by the defendant for citations for contempt of court were involved before the matter was determined by the trial court, since the defendant filed a second application without having submitted a brief as ordered by the trial court at a hearing on the first citation some three and one-half years prior to filing her second application for citation) had become due subsequent to the plaintiff's release in bankruptcy.

The defendant conceded the fact of the plaintiff's release in bankruptcy as of February 6, 1963, but contended that the order for the plaintiff to make the mortgage payments on the home awarded to her, as they became due, was for her maintenance or support and that, as such, it was within the exception of debts dischargeable in bankruptcy as provided in the above cited federal statute. The defendant contended also that the provision regarding the payment of the note and mortgage was an alimony award. The plaintiff countered that the only way the award could be excluded from the effect of the discharge in bankruptcy was to find that it was alimony. Plaintiff argued that it was not alimony but a part of the court's award of property. The argument is also made by plaintiff that if it was an award of alimony that it was void because it was for an indefinite amount in that it consisted of monthly payments for an indefinite period.

The trial court found that the plaintiff's obligation to pay the note and mortgage was "in the nature of a debt"; that it was not alimony and was therefore discharged in the bankruptcy.

It appears that in deciding whether the obligation is exempt from bankruptcy, the question turns on whether the obligation is substantially one for alimony, maintenance or support of the spouse or children. If it is such an obligation, then it is not dis-

chargeable regardless of the term by which the obligation is described.

■ In other words, the mere absence of an award of money specifically called "alimony", in a divorce decree or judgment, does not seem to necessarily compel a finding that the obligation is just the same as any other debt owed and therefore discharged by the bankruptcy of the husband. To this general effect, see 74 A.L.R. 2d 758; 8B C.J.S. Bankruptcy § 570; and our own case of Battles v. Battles (1952), 205 Okl. 587, 239 P.2d 794. While it is true in the Battles case we were concerned with the effect of a property settlement agreement between the spouses, instead of the provisions of a divorce decree, we think the rules of interpretation, insofar as applicable to determine the scope of the obligations imposed by each of such documents, are equally pertinent. We think it is relevant in each instance to examine the circumstances surrounding assumption or imposition of the obligation upon the husband.

In the Battles case we said that a contract between the spouses by which the husband agreed to provide a home for the wife and pay for her separate, individual support and maintenance and upkeep of the home, was substantially a contract for the support and maintenance of the wife and was not discharged in the husband's subsequent bankruptcy.

The Supreme Court of Utah in Lyon v. Lyon (1949), 115 Utah 466, 206 P.2d 148, had before it a judgment in a divorce action which in turn had been based upon a "property settlement" agreement between the parties. The court in that case said, " * * * courts will look behind a judgment to ascertain whether the obligation which was merged in the judgment was dischargeable in bankruptcy." The court there noted that, notwithstanding the absence of the words "alimony" or "support money" from the pleadings or judgment in the divorce proceeding, the effect of a provision in the decree by which the husband was to continue payments on a note and mortgage covering the parties' home,

which was set apart to the wife, was substantially a provision for the maintenance and support of the wife and therefore not discharged in the husband's bankruptcy. This case was subsequently followed by that court in Erickson v. Beardall (1968), 20 Utah 2d 287, 437 P.2d 210. In the latter case the court held:

"Where it was shown that plaintiff wife's means of support would have been inadequate without provision in divorce decree that former husband pay obligations relating to siding used on family home, to television and encyclopedia sets, and to an automobile, there was ample basis for finding that such requirements were for wife's maintenance and support, so that such obligations were not discharged by former husband's bankruptcy, * * *."

We were impressed also with the discussion by the U.S. Eighth Circuit Court of Appeals in Poolman v. Poolman, 289 F.2d 332 (1961). In that case the question involved an obligation of the husband to continue making payments upon a trust deed covering the former home of the parties and which was set apart to the wife in the divorce proceeding, pursuant to an agreement between the parties "to settle their property rights and 'all right of support and maintenance'". The court said:

"We are convinced, however, that the state court judgment evidenced a liability for 'maintenance or support of wife or child' within the meaning of Section 17 of the Bankruptcy Act, and was not a dischargeable debt. It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads. It is obvious that that is what the bankrupt undertook to do when he agreed to keep up the installment payments on the trust deed upon the home in which his divorced wife and his children were to live. * * *."

While it is true that in a more recent opinion of this court (Turman v. Turman, 1968, Okl., 438 P.2d 488) we were not di-

rectly concerned with whether the obligation of the husband there mentioned was a debt dischargeable in bankruptcy or was a provision for the "maintenance or support of [his] wife or child," we did hold that the allowance of an attorney fee to the wife's attorney in a divorce proceeding in which the decree of divorce made no specific award of money judgment for alimony but merely set certain property over to the wife "in lieu of alimony," was not a debt dischargeable in bankruptcy. It would not seem unreasonable to conclude that if the attorney fee for the wife's attorney was excluded from the effect of the husband's discharge in bankruptcy because of the provisions of 11 U.S.C. Section 35(a) (2), supra, an order upon the husband, the effect of which was to require him to maintain a roof over the head of his divorced wife and children, would also not be effected by a discharge in bankruptcy.

■ Here, the parties were married in 1938 and apparently lived together until a rather short time prior to the granting of the decree of separate maintenance to Mrs. Treece. This was on September 8, 1961. The parties had three children, two of whom were minors at the time the judgment of divorce between their parents was entered. Mr. and Mrs. Treece had accumulated some property consisting of the home, upon which there was the above referred to mortgage; some household furnishings; and a Ford automobile. The automobile, furniture, and home were set over to Mrs. Treece, both in the separate maintenance decree and the subsequent judgment in the divorce action. While it is true Mrs. Treece did not ask for, nor did she receive, any judgment against her former husband for alimony, as such, as we have seen from the above authorities, it is not necessary that such be the case for the judgment to be excludable from debts dischargeable in a subsequent bankruptcy by the husband. The law is not so much concerned with form that it will disregard the substance of transactions between people. We have taken the decree of the trial court and, construing it from its four cor-

ners, have concluded that the provision therein for Mr. Treece to pay the note and mortgage·upon the former home of the parties was substantially for the support and maintenance of Mrs. Treece (not to mention its incidental effect of providing a home for the children of the parties during their minority) under the provisions of 11 U.S.C. Sec. 35(a) (2) and was not released by Mr. Treece's subsequent discharge in bankruptcy.

The defendant's request for allowance of an attorney fee for legal services rendered her in connection with the matter involved in this appeal is referred to the trial court.

The judgment of the trial court is accordingly reversed and this cause is remanded to that court for further proceedings consistent with the views herein stated.

All the Justices concur.