Wanda Lee **NEUGEBAUER**, Appellant,

v.

M. K. **NEUGEBAUER**, a/k/a Marion Kenith Neugebauer, Appellee.

No. 47997.

Supreme Court of Oklahoma.

April 13, 1976.

Tom Wakely, Oklahoma City, for appellant.

Bulla & Horning by Philip F. Horning, Oklahoma City, for appellee.

BARNES, Justice:

This is a controversy as to whether monies due a wife from her husband are in the nature of support and maintenance and not dischargeable, or representative of a civil debt and susceptible to a bankruptcy discharge.

The crux of this appeal is whether the Trial Court correctly sustained Appellee's Motion for Judgment on the Pleadings.

By the terms of an "Agreement" of the parties, entered into May 17, 1956, which Agreement was embodied into and approved by the terms of the divorce decree, Appellee obligated himself to pay:

"all of the existing legitimate outstanding family debts as they exist at the date of the execution of this agreement. * * * (Paragraph II)

"as and for alimony in a pending action . . . the sum of Seven Thousand Five Hundred Dollars ($7,500.00) * * *. (Paragraph IV)

"an indebtedness to First Party in the sum of Nineteen Thousand Five Hundred Dollars ($19,500.00) as monies advanced and loaned . . . in order that Second Party might procure his medical education * * *." (Paragraph V)

Thereafter, a decree of divorce was entered June 4, 1956, which provided in pertinent part:

"IT IS THE FURTHER ORDER, JUDGMENT AND DECREE of the Court that the defendant be, and he is ordered to make the payments set forth in said agreement at the time and in the manner provided in said agreement and specific judgment is herein rendered for the sum of Seven Thousand Five Hundred Dollars *($7,500.00) as and for alimony, and property settlement,* and the sum of Nineteen Thousand Five Hundred Dollars *($19,500.00) for moneys advanced and loaned by the plaintiff to said defendant.* Said sum of Nineteen Thousand Five Hundred Dollars ($19,500.00) shall draw interest at the rate of six percent per annum from the date of this decree; said payments as set forth in said agreement shall be made to the Clerk of the District Court of Oklahoma County, State of Oklahoma to be by said Clerk disbursed to the plaintiff." (Emphasis ours).

A payment schedule was provided in the "Agreement" for repayment of the $19,500.00 loaned by Appellant for Appellee's use and benefit in procurement of his medical education. Payment was not to commence on the indebtedness as provided in the "Agreement" until July 1, 1958, presumably giving Appellee time to establish his medical practice.

Thereafter, on October 2, 1959, Appellee was granted a discharge in bankruptcy in the United States District Court for the Southern District of California in Case No. 7296.

At the time of Appellee's discharge, the Bankruptcy Act, 11 U.S.C.A. § 35(a), provided in pertinent part:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) * * *; (2) * * *, or for alimony due or to become due, or for maintenance or support of wife or child, * * *."

The judgment indebtedness of $19,500.00 was properly proven in proceedings leading up to the discharge and was included therein. Appellee contends Appellant had due notice of the pending bankruptcy proceedings and that Appellee did not attempt to discharge his admitted alimony and support obligations ($7,500.00) due his wife.

Fourteen years then elapsed between Appellee's bankruptcy and Appellant's filing a Motion for Judgment by Default of Payment on March 20, 1973, as amended September 12, 1974. Appellee filed a Demurrer, Motion to Dismiss and Motion for Judgment on the Pleadings, having previously filed an Answer to Appellant's Motion for Judgment by Default of Payment.

The Trial Court sustained Appellee's Motion for Judgment on the Pleadings. It is from this order Appellant appeals.

Appellant argues that in sustaining this Motion the Trial Court prevented the Appellant from submitting to an evidentiary hearing the issue of whether or not the Appellant is entitled to recover from Appellee the $19,500.00 judgment in the decree of divorce.

Appellant urges two questions are presented: (1) Were issues of fact formed by Appellant's Amended Motion for payment by reason of default sufficiently stating a cause of action whereby the matter should have been submitted to the court for an evidentiary hearing on Appellant's Amended Motion for Judgment by Default of Payment? (2) Whether the $19,500.00 judgment in favor of the Appellant wife against the Appellee husband, which is set forth in the divorce decree, was a simple judgment which was discharged by the Appellee's bankruptcy action, as Appellee contends, or whether said judgment was one for the support and maintenance of the Appellant and, thus, not dischargeable in bankruptcy?

We agree with Appellant that to answer one of her questions is to answer the other. Therefore, this Court will address itself to Appellant's second question.

Our attention has not been called to any authority dealing with an agreement exactly similar to the one before us.

Appellant cites but three cases in support of her position that the Court may look behind the judgment to determine whether the liability was one in the nature of support, or whether it was a simple debt and dischargeable: *Lyon v. Lyon,* 115 Utah 466, 206 P.2d 148 (1949); *Battles v. Battles,* 205 Okl. 587, 239 P.2d 794 (1952); and *Treece v. Treece,* 458 P.2d 633 (Okl. 1969). A reading of the above-mentioned authorities indicates their inapplicability to the present review.

*Lyon,* supra, involved a property settlement agreement in which the parties entered into a written stipulation for a judgment of $5,000.00, payable $50.00 or more per month; and providing for payment by defendant of a mortgage on certain land; and that defendant carry a $5,000.00 life insurance policy naming plaintiff as beneficiary until the mortgage was fully paid.

In that case the Utah Supreme Court admitted in evidence testimony as to conversations between the plaintiff and defendant leading up to the written stipulation upon which the decree was based. Such testimony indicated a prior understanding between the parties that the $5,000.00 was for support and maintenance, as were payments on the house mortgage. Thus, such payments were not dischargeable in bankruptcy.

We think this case is distinguishable from the case at bar in that there was no mention in the *Lyon* decree of alimony or support money, whereas in the instant case alimony for support and maintenance is explicitly provided.

In *Battles,* supra, the parties entered into an agreement by which the husband agreed to provide the wife with a house not to exceed $10,000.00 in value and to pay $100.00 per month for her individual support and maintenance. A subsequent divorce decree recited "that no relief as to property rights or alimony" was granted because the parties had made the aforementioned agreement. When the wife sought monthly payments in arrears and the $10,000.00 for the home, the husband pleaded his discharge in bankruptcy. This Court construed the agreement and held it was a contract for the support and maintenance of the wife which was not dischargeable.

Again, as in *Lyon,* supra, and unlike the case at bar, the parties in *Battles,* supra, entered into an agreement which did not contain express provisions for the support and maintenance of the wife.

The next case urged upon this Court by Appellant is *Treece,* supra, in which the wife filed an action for a contempt citation for failure of the husband to make mortgage payments on the home pursuant to the divorce decree, which incorporated a prior separate maintenance agreement to the same effect. The husband took bankruptcy, setting forth the mortgage indebtedness in the decree in bankruptcy.

This Court concluded the provision in the divorce decree requiring the husband to pay the note and mortgage upon the former home of the parties was substantially for the support and maintenance of the wife and not released by the husband's subsequent discharge in bankruptcy.

All three cases cited by Appellant are distinguishable from the facts herein in that no provision for alimony or support and maintenance was provided in any of the divorce decrees or prior agreements between the parties. Nor were they purported to be for repayment of a loan.

The particular debt which has been the impetus for this appeal is explicitly referred to as an indebtedness for monies loaned in both the "Agreement" and the divorce decree. Further, this obligation is separately distinguished, by the very terms of the settlement, from monies due as alimony, property settlement, and support and maintenance of Appellee's wife and minor children. We are of the opinion a clearer expression of the parties intent could not have been made.

Appellee fulfilled his duty to support and maintain the Appellant and minor children by: (1) delivering a proper warranty deed to all his right, title, and interest in and to the property occupied by the parties as a home (Paragraph I, Agreement); (2) agreeing to assume and pay all existing legitimate outstanding family debts at the date of execution of the Agreement (Paragraph II); (3) conveying to the Appellant all household furniture and equipment and a Ford automobile (Paragraph III); (4) agreeing to pay alimony in a pending action in the sum of $7,500.00 (Paragraph IV); and (5) agreeing to pay all attorneys fees of Appellant necessary for the legal separation of the parties.

We think these provisions support the view that alimony for support of Appellant and the minor children was provided for and that the $19,500.00 was an indebtedness of monies advanced and loaned by Appellant to Appellee in order that he might procure his medical education.

We are further persuaded by case law from other jurisdictions. In *Tropp v. Tropp,* 129 Cal.App. 62, 18 P.2d 385 (1933), the parties entered into an agreement by which the husband was to pay the sum of $250.00 per month for the maintenance and support of the wife and a further undescribed sum of $50,000.00 in ten equal installments. A question arose with respect to the effect of the husband's discharge in bankruptcy upon the $50,000.00 liability. The Appellant wife contended the Respondent's liability to pay said sum of $50,000.00 was a liability for maintenance or support within the Federal Bankruptcy Act. The California Court of Appeals concluded this contention was without merit. The Court said therein:

> "It appears entirely clear that the agreement of the parties provided for two distinct liabilities. In the first para-

graph of the agreement above set forth, it was expressly agreed that the liability for the monthly payment was one for 'maintenance and support.' It was not so agreed with respect to the liability for the payment of the $50,000.

\*　　\*　　\*　　\*　　\*　　\*

". . . We are therefore of the opinion that the trial court correctly concluded that the only liability for 'maintenance or support' within the meaning of the Bankruptcy Act was the liability for the monthly payment, and that the remaining liability for the payment of the $50,000 was a 'debt' from which respondent was released."

In *La Rue v. La Rue*, 341 Ill.App. 411, 93 N.E.2d 823 (1950), the exact substantive issue now before this Court was presented. Therein the plaintiff wife instituted a proceeding to compel defendant husband to show cause why he should not be punished for contempt of court for refusing to pay plaintiff an amount loaned by her to defendant in compliance with the parties' divorce decree. The divorce decree required the husband to repay the amount loaned and the Trial Court found defendant guilty of contempt. The Appellate Court held that the contempt order was improper in view of defendant's adjudication as a bankrupt. The pertinent part of the opinion of that Court for our purposes provided at page 825:

"In the instant case, the original divorce decree found that appellant was indebted to appellee for $1300 for money loaned by appellee to appellant and ordered appellant to pay that sum to appellee and created a lien upon any real estate owned by appellant within this State and directed a money judgment to be entered for that amount. *The payment so directed was for money loaned and did not arise as a result of the marital relation of the parties. The obligation was a civil debt and not alimony and was dischargeable in bankruptcy.*" (Emphasis ours)

In the present case a substantial monthly payment was provided in the agreement

for alimony and property settlement of Appellant, and we believe it is clear that the Appellee's liability for the payment of the $19,500.00 constituted a debt incurred, from which he was released by the decree of discharge in bankruptcy.

 We note that discharge in bankruptcy is neither payment nor extinguishment of a debt; the debt remains in existence after discharge, although divested of its character as a legally enforceable personal obligation. Thus, discharge in bankruptcy of the $19,500.00 debt of Appellee, owed to Appellant, is a complete and valid defense to enforcement of the debt as a personal obligation. *Ingram v. Liberty National Bank and Trust Company of Oklahoma*, 533 P.2d 975 (Okl.1975).

We conclude that from the well-defined circumstances of this case no factual issues exist. Because of the deliberate, unqualified language of the parties in their "Agreement", as incorporated in the divorce decree, an evidentiary hearing was unnecessary.

 Where any issue of fact exists upon which a valid judgment could be rendered, it is reversible error to sustain a motion for judgment on the pleadings. *Hull v. Wolfe*, 393 P.2d 491 (Okl.1964). However, where the pleadings and a search of the entire record present no issue of fact for trial, judgment on the pleadings may properly be rendered. *Little v. Employer's Casualty Co.*, 185 Okl. 481, 94 P.2d 535 (1939).

We, therefore, answer Appellant's first question in the negative, and, as to Appellant's second question, we hold that ordinary money payments, representing in indebtedness not arising as the result of the marital relation of the parties, and directed to be made by divorce decrees, are civil debts dischargeable within the meaning of the Federal Bankruptcy Act, 11 U.S.C.A. § 35(a).

The Trial Court correctly granted Appellee's Motion for Judgment on the Pleadings.

Affirmed.

All Justices concur.