437 P.2d 210

**Irene ERICKSON, Plaintiff and Respondent,**

**v.**

**Oran L. BEARDALL, Defendant and Appellant.**

**No. 10914.**

Supreme Court of Utah.

Jan. 26, 1968.

M. Dayle Jeffs, Provo, for appellant.

Harvard R. Hinton, Lehi, for respondent.

CROCKETT, Chief Justice:

Plaintiff Irene Erickson Robison (formerly Beardall) sought in this proceeding to enforce certain obligations awarded in her favor and against her former husband, defendant Oran L. Beardall under a divorce decree. The latter contended that they have been discharged in bankruptcy. But the court found in accordance with the plaintiff's contention, that they were excepted from discharge by Sec. 17(a) of the Bankruptcy Act which provides in pertinent part:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * (2) for alimony due or to become due, or *for maintenance or support of wife or child* * * *.

Defendant's appeal challenges that finding, and urges that it must be ruled as a matter of law that the obligations are in the nature of contract debts and thus dischargeable in bankruptcy.

The parties had both been married before. Defendant has two teen-age boys and plaintiff has one, all of whom lived with them during the two and a half years of the marriage, from May, 1963, to October, 1965. Prior to the marriage the plaintiff had accumulated savings of something over $4700. During the marriage these savings were spent and the parties had incurred a number of debts. The divorce decree adopted a stipulation entered into by the parties which required the defendant to pay the plaintiff $100 per month until she could get restored the social security to which she had been entitled after the death of her first husband, which it was anticipated would be within a period of six months; and that he would pay the following obligations: (1) a promissory note payable to plaintiff in the amount of $1,265.85; (2) First Federal Savings & Loan Ass'n, $1,379.83, to pay for siding used on the family home; (3) City Finance Co., $471.64, for a television set and an encyclopedia set; and (4) Zion's First National Bank, $2,043.10, for an automobile.

Three months after the decree became final, in July, 1966, the defendant took bankruptcy, listing the above obligations, and refused to pay them. That precipitated this proceeding by the plaintiff to enforce payment. The trial court found that (1) above had been satisfied by the defendant's turning over a pickup truck of substantially that value. Our concern here is with the other three, with respect to which the trial court rejected defendant's contention that they are debts dischargeable in bankruptcy, and found that they were obligations for the maintenance and support of the plaintiff.

In regard to the principles of law applicable to this case, we first observe that the case of Fife v. Fife,[1] relied on by the de-

1. 1 Utah 2d 281, 265 P.2d 642.

fendant, presented a distinctly different situation. The court clearly pointed out that the case involved an annulment, where there is usually no right of support or alimony, and stated that "alimony is no factor in this case, since generally none is awardable in an annulment suit. The order here was *not* an order directing payment of alimony or support within the accepted definitions of the terms." And further, "We confine our conclusions to the facts of this case alone * * *."

■ A case close to the instant one on its facts, and therefore persuasive here is that of Lyon v. Lyon.² It presented perhaps a stronger case for discharge of the debts in bankruptcy because the stipulation, which was incorporated into the decree, was designated as a property settlement. This court indicated that it was proper to look behind the judgment and through the facade of the terms used to see the true nature of the obligation. It stated that, "The real issue in this case is not * * * whether the award of the divorce decree was alimony or a property settlement, but rather whether the 'property settlement' was really an award for the support and maintenance of

the defendant's wife"; and concluded that under the circumstances shown the true character of the property settlement was for the support and maintenance of the wife, and that consequently it was not dischargeable in bankruptcy.³

We reaffirm and apply the principle of the Lyon case: that it is the duty of the court to look to substance rather than to form. This is especially true where rights and responsibilities with respect to the family relationship are being dealt with.⁴ It is no less true here because this suit was initiated as a separate proceeding to enforce obligations of the divorce decree. Its subject matter and its purpose are the same. The proceeding continues to be equitable in nature and subject to the usual rules applicable thereto. We give deference to the advantaged position and prerogatives of the trial judge as the finder of the facts; allow him considerable latitude of discretion as to the orders made; and we will not upset his judgment and substitute our own unless it clearly appears that he abused his prerogatives.⁵

■ It is shown that the plaintiff's means of support would have been inade-

---

2. 115 Utah 466, 206 P.2d 148.

3. See Anno. 74 A.L.R.2d for numerous cases indicating that property settlements may be dischargeable in bankruptcy except where court finds they are in the nature of alimony or support money.

4. Cf. discussion in Callister v. Callister, 1 Utah 2d 34, 261 P.2d 944, where prop-

erty settlement agreement, but which referred to payments as alimony, was modified.

5. As to prerogatives of the trial court and the solidarity of the judgment, see statement in our recent case of Stone v. Stone, 19 Utah 2d 378, 431 P.2d 802, and cases cited therein at page 803.

quate without the provision of the decree that the defendant pay these obligations, and there is ample basis for the trial court's finding that this requirement was for her support and maintenance. That conclusion is not defeated by the fact that it also has the coincidental effect of reimbursing the plaintiff for money that had been expended for the benefit of the family during the marriage.

The judgment is supported by the evidence and we do not see wherein the trial court abused his discretion.

Affirmed. Costs to plaintiff (respondent). (All emphasis added.)

TUCKETT, HENRIOD, and ELLETT, JJ., concur.

CALLISTER, J., concurs in the result.