Lawrence W. CUNNINGHAM, Appellant,

v.

Jamaica CUNNINGHAM and Edsel T.
Jones, Appellees.

Court of Appeals of Kentucky.

July 27, 1973.

Leer Buckley, Lexington, for appellant.

Edsel T. Jones, Winchester, for appellees.

REED, Justice.

Upon the death of her first husband, Jamaica Cunningham inherited from him a home and some furniture. Sometime later she married the appellant, Lawrence W. Cunningham; they lived together for approximately eight years. She then sued for divorce. During this second marriage both the wife and the husband worked. $9,000 was borrowed by them and the wife's home was encumbered to secure payment of the debt. The loan proceeds were used to pay debts accumulated during the marriage.

In her complaint for divorce, the wife sought restoration to her of the home and furniture, periodic or lump sum alimony,

and recovery of $6,211.00 the then balance due on the loan secured by encumbrance on her home. The payments on the loan were $125.50 per month and she sought "$150.00 per month as periodic alimony" or "lump sum alimony in the amount of $6,200.00."

A written agreement between the husband and wife was filed in the record in the divorce action. This agreement first recited that loans had been obtained by the parties from various sources, then it stated that the parties "have agreed that the Defendant, Lawrence W. Cunningham, is indebted to this Plaintiff, Jamaica Cunningham, in the sum of Four Thousand ($4,000.-00) Dollars * * *;" the defendant agreed to pay the plaintiff that amount at the rate of $75.00 per month.

The judgment entered by the trial court awarded the wife a divorce, adjudged her owner of the house, and approved the written agreement and incorporated it as part of the judgment. The husband made only two monthly payments, and then filed a "Voluntary Petition for Bankruptcy" in the United States District Court for the Eastern District of Kentucky. Several months later the wife sought to enforce her former husband's obligation imposed by the divorce judgment by means of a rule for contempt.

The trial judge held that the former husband's response that the judgment obligation was unenforceable by reason of bankruptcy adjudication and discharge was not sustainable. The former husband was adjudged in contempt with provision that the contempt could be purged by payment of $100.00 a month until the arrearage in monthly payments was satisfied and thereafter by monthly payments of $75.00 until the $4,000 obligation was paid. The wife was also awarded judgment for costs of the contempt proceedings including a fee of $200 for her attorney's services. The husband appeals and claims that the trial judge erred in disregarding the discharge in bankruptcy and was without legal authority to award an attorney fee.

The effect of the trial judge's decision was that the divorce judgment obligation was excepted from discharge by the Bankruptcy Act. The Act provides in pertinent part that a discharge in bankruptcy shall release a bankrupt from all his provable debts except such as "for alimony due or to become due or for *maintenance or support of wife or child.*" Bankruptcy Act Section 17(a)(7) (11 U.S.C., Section 35 (a)(7). (Emphasis supplied.)

█ A state court in construing its own judgment may decide in judgment enforcement proceedings whether an obligation imposed by the judgment falls within an exception stated in the Bankruptcy Act to the usual effect of a discharge. See Anno. 74 A.L.R.2d 758, Bankruptcy Discharge-Settlements.

█ It is generally held that a property settlement agreement between spouses is dischargeable in bankruptcy where it is truly a property settlement and not an agreement for alimony, support or maintenance. But where the agreement is substantially one for alimony, maintenance, or support, it has been held or recognized that the obligation thereunder is not dischargeable in bankruptcy. 9 Am.Jur.2d, Bankruptcy, Section 793, page 596.

The problem presented by this case is whether the judgment obligation is truly a property settlement or whether it is actually a provision for the wife's support. We agree with the decision of the Supreme Court of Utah in a very similar situation. See Erickson v. Beardall, 20 Utah 2d 287, 437 P.2d 210 (1968).

In the Utah case, the divorce judgment adopted an agreement between the parties that required the husband to pay to the wife $100 per month until she could get restored the social security to which she had been entitled after the death of her first husband, and to pay obligations relating to siding installed on the family home, to purchase of a television set and encyclopedia sets, and to an automobile. The court held

that such obligations were not discharged by the former husband's bankruptcy where it was shown that the former wife's means of support would have been inadequate without the agreement to make the payments concerned even though this conclusion had the coincidental effect of reimbursing the wife for money that had been expended for the family's benefit during the marriage.

■ In its opinion in Erickson, the Utah court quoted this language from one of its earlier cases (Lyon v. Lyon, 115 Utah 466, 206 P.2d 148): "The real issue in this case is not . . . whether the award of the divorce decree was alimony or a property settlement, but rather whether the 'property settlement' was really an award for the support and maintenance of the defendant's wife." In the case at bar, the trial judge found as a fact that the wife could not support herself and make the payments on the debts. Her original pleadings in the divorce action when considered with the later written agreement made it all the more apparent that the payment provisions were to assist her to keep her home as a place to live; this points to payments for the purpose of her partial temporary support after the divorce. We conclude that the trial judge properly held that the divorce judgment obligation was not dischargeable in bankruptcy and that the former husband's response to the rule based on such contention was legally insufficient under the facts presented.

■ The former husband also complains that the trial judge had no power to award a fee to the wife's attorney for his services in the contempt proceedings. No contention is made that the amount of the fee allowed was unreasonable or excessive. The sole argument advanced is that KRS 453.-080 deprives the trial court of the power to assess any attorney's fee against the unsuccessful litigant as part of the costs. It is unnecessary to consider or construe the effect of this statute on the general question of the allowance of attorney's fees as costs in contempt proceedings. KRS 453.080 applies only to "a pending suit or action" in which "a motion or rule of court is made." The instant action had been reduced to final judgment and the time for appeal had expired. The statute relied on is inapplicable by its own plain language.

The order appealed from is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED and STEPHENSON, JJ., sitting.

All concur.