## 32485. MANUEL v. MANUEL.

MARSHALL, Justice.

This is the second appearance of this case before this court. See *Manuel v. Manuel,* 237 Ga. 828 (229 SE2d 644) (1976).

In the earlier litigation, the appellant-wife had brought a contempt action against the appellee-husband in the Fulton Superior Court. The wife was seeking to hold her former husband in contempt due to his failure to make certain payments required of him under a separation agreement incorporated into their final divorce decree. The trial court ruled that the payments required under

the disputed provisions of the agreement were discharged by the husband's bankruptcy. We reversed, holding that although the husband had scheduled these payments in his bankruptcy action, he had not yet received a discharge in bankruptcy.

Subsequent to our decision in the earlier case, the husband was discharged in bankruptcy. The matter was brought before the superior court again and the superior court again ruled that the disputed provisions of the agreement were discharged in bankruptcy. The wife has appealed. We again reverse.

Under Section 17 (a) (7) of the Bankruptcy Act (as amended 1970), 11 U.S.C. § 35, debts which "are for alimony due or to become due, or for maintenance or support of wife or child, . . ." are not dischargeable in bankruptcy.

It appears that state courts have concurrent jurisdiction with federal bankruptcy courts to determine whether claims arising under the foregoing section of the Bankruptcy Act are dischargeable. See 1A Collier on Bankruptcy (14th Ed.), § 17.22A.

However, by operation of Section 17 (c) (1) of the Act (as amended 1970), 11 U.S.C. § 35, and Bankruptcy Rule 409 (a) (1), a bankrupt or any creditor, i.e. a former wife, may file an "application" (referred to as "complaint" in the Rules) with the bankruptcy court to obtain a determination of the dischargeability of debts arising under Section 17 (a) (7).

If such an application seeking a specific determination of the dischargeability of this type of debt is not filed, the issue of dischargeability may then be tried in the appropriate state court. It is in this sense that state courts have concurrent, or alternative, jurisdiction with federal bankruptcy courts in these matters.

If, on the other hand, an application for a determination of dischargeability is filed and adjudicated in the bankruptcy court, that judgment is res judicata in other courts. See 1A Collier on Bankruptcy (14th Ed.), Par. 17.28; Martin v. Henley, 452 F2d 295 (1971, 9th Cir.).

Statements made by the appellant's attorney at the hearing below would tend to indicate that she filed an application for a determination of dischargeability in the

bankruptcy court. And, although the appellee did file a plea of discharge in bankruptcy, it does not affirmatively appear from the record whether an application was filed and, if so, whether the bankruptcy court actually adjudicated the issue of dischargeability.

Therefore, the case must be remanded to the trial court for a determination of this question.

Nonetheless, we deem it appropriate to consider the other issues involved in this appeal in the event it is determined on remand that the question of dischargeability is appropriately before the state court. If that question is answered affirmatively, it would become necessary for the court to hold an evidentiary hearing in order to ascertain whether these obligations of the appellee are dischargeable.

The provisions of the agreement in dispute are paragraphs 2 (a), 8, and 9. In essence, paragraph 2(a) required the husband to make 108 monthly installment payments of $1,000 each to the wife. It provided that the payments would not be deductible by the husband nor taxable to the wife. This was expressly denominated a property settlement. Paragraph 8 required the husband to maintain a life insurance policy on his life for the benefit of the wife. Paragraph 9 required the husband to pay certain of the wife's attorney fees, but did not include this payment within temporary alimony.

Taking into consideration the entire agreement, and giving effect to all its provisions, the trial court did not err in interpreting these provisions of the agreement (incorporated into the decree) as being a property settlement. See *Newell v. Newell,* 237 Ga. 708 (229 SE2d 449) (1976) and cits.; *Herbert v. Huggins,* 231 Ga. 489 (202 SE2d 443) (1973) and cits. See also *Bisno v. Bisno,* 239 Ga. 388 (1977).

However, a classification under state law of these claims against the appellee as either alimony or a property settlement is not dispositive of the question of whether the claims are dischargeable in bankruptcy. As we have previously stated, debts for alimony *or maintenance or support of wife or child* are not dischargeable in bankruptcy. It is entirely conceivable that the purpose of a property settlement might be to

provide the former wife with maintenance or support. If so, the obligation of the former husband to effectuate the property settlement agreement, or comply with the decree in which it is embodied, would not be dischargeable in bankruptcy.

It has been held or recognized in a number of cases that a property settlement agreement between spouses is not dischargeable in bankruptcy if it is in substance an agreement for maintenance or support and only a property settlement agreement in form. See 74 ALR2d 758, Anno.: Obligation under property settlement agreement between spouses as dischargeable in bankruptcy.

We find the pronouncements of the Utah Supreme Court in Lyon v. Lyon, 115 Utah 466, 470 (206 P2d 148) (1949) particularly apt: ". . . [I]t is not just alimony in its conventional form (viz., monthly payments to a wife) which is excluded from the provisions for discharge of debts. All obligations 'for maintenance or support of wife or child,' whether denominated alimony by the state statute or not, are such as are not dischargeable in bankruptcy. It follows therefore, that the real issue in this case is not, as the parties have argued, whether the award of the divorce decree was alimony or a property settlement, but rather whether the 'property settlement' was really an award for the support and maintenance of defendant's wife."

See also Cunningham v. Cunningham, 497 SW2d 941 (1973); Erickson v. Beardall, 20 Utah 2d 287 (437 P2d 210) (1968).

It is clear that in federal bankruptcy proceedings the bankruptcy court sitting in equity is not bound by the terms of the agreement or decree and has the power to sift the circumstances of the marital situation to determine whether the wife's claim is in fact for maintenance or support and, therefore, nondischargeable. See Avery v. Avery, 114 F2d 768 (1940, 6th Cir.); Nichols v. Hensler, 528 F2d 304 (1976 7th Cir.).

It is indeed true, as contended by the appellee, that parol evidence is generally inadmissible to vary the terms of a contract, or a judgment, which is complete and unambiguous. In the present case, the appellant sought to

introduce parol evidence of the facts and circumstances of the parties' marriage. The trial court refused to consider such evidence, premising its ruling on an application of the familiar rule discussed above.

We find that rule inapplicable in this case, primarily for two reasons. First, we believe there is at least a latent ambiguity as to whether the disputed provisions of the divorce decree were intended for the wife's support and maintenance. This authorizes the court to consider parol evidence in interpreting judgments or decrees (see 46 AmJur2d, 362, Judgments, § 72), as well as contracts (see Code Ann. § 38-502). In addition, the court has ample authority to look behind the judgment to the record to ascertain from the facts and circumstances of the marital situation whether the obligation imposed on the husband by the agreement, and thereafter merged in the judgment, is dischargeable in bankruptcy. See *Green v. Beaumont,* 179 Ga. 804 (177 SE 572) (1934).

Therefore, the case is reversed and remanded to the trial court with the directions set out in this opinion.

*Judgment reversed and remanded with directions. All the Justices concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 27, 1977.

*Gilbert & Blum, Fred A. Gilbert,* for appellant.
*Harris & Martin, Robert B. Harris, Nancy Pat Phillips,* for appellee.