## 32755. GRAVES v. GRAVES.

HALL, Justice.

Appellant was held in contempt for failure to make house payments as required by a judgment of the court in his divorce action. His challenge to the finding of contempt is meritless insofar as he claims it improperly held him in contempt for failure to make payments due before the judgment was entered, for he agreed to make past due payments in the settlement agreement which was incorporated into the judgment. Although the evidence is conflicting, the trial court did not abuse its discretion in finding appellant in wilful contempt.

Appellant filed for bankruptcy prior to the finding of contempt, and filed a notice of stay in bankruptcy with the superior court. Filing for bankruptcy results in an automatic stay of all pending actions based on *dischargeable* debts. 11 USCA § 29 (a). However, alimony and amounts due for "maintenance or support of wife or child" are not dischargeable in bankruptcy, 11 USCA § 34 (a) (7) (Bankruptcy Act § 17 (a) (7)), and there is no automatic stay of state court actions based on such debts. Bankruptcy Rule 401 (a). "This dischargeability of the debt, as covered by § 17 of the Act, is made the basis of jurisdiction and there should be no stay granted unless the debt or claim involved will be discharged under the provisions of the Act, even though the claimant is listed as a creditor in the bankrupt's schedule. If the dischargeability is debatable a stay *may* be granted until the bankrupt shall have had a reasonable time within which to procure his discharge. . ." (Footnotes deleted, emphasis supplied.) 1A Collier on Bankruptcy, ¶ 11.04, pp. 1150—1154 (14th Ed., 1976).

Thus when a notice of stay in bankruptcy is filed in a contempt action for failure to comply with a judgment ordering alimony and a division of property, the superior court must decide if the debt to be enforced is for "alimony" or "support or maintenance of wife or child." See Collier, supra, at ¶ 17. 22A, pp. 1678-1679. Cf. *Manuel v. Manuel,* 239 Ga. 685 (1977). If the debt is not dischargeable under § 17 (a) (7) of the Bankruptcy Act, the court should decide the contempt case. If the question of

dischargeability is a close one, the court should consider whether to stay its case pending a decision by the federal court on the issue. In deciding whether to stay the action in debatable cases, the court should consider the effect of such a stay on the wife, who should not unfairly be made to suffer delay in collecting money for support.

Since the trial court failed to rule on the bankruptcy issues we vacate the judgment and remand for a consideration of whether the superior court action was stayed by the bankruptcy action. See *Manuel v. Manuel,* supra, for a further discussion of these issues.

*Judgment vacated and remanded with direction. All the Justices concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED OCTOBER 20, 1977.

*Schuder & Hartness, R. L. Schuder, Edward L. Hartness,* for appellant.
*Alfred L. Allgood,* for appellee.

HILL, Justice, concurring.

Our holding today is in concert with *Manuel v. Manuel,* 237 Ga. 828 (229 SE2d 644) (1976). In that case there was no evidence to support the husband's allegation that his marital obligations had been scheduled for discharge in bankruptcy and thus there was no evidence to support the trial court's finding that these obligations had been discharged in bankruptcy. See *Manuel v. Manuel,* 239 Ga. 685 (1977).