## 33477. KIPLINGER v. KIPLINGER.

JORDAN, Justice.

On September 2, 1977, appellant filed an action for contempt against her former husband for nonpayment of support. Appellant now appeals portions of the trial court's order of November 30, 1977, which reduced the amount of attorney fees allegedly owed by appellee and which did not increase appellee's support payments.

1. Appellant first alleges that the trial court erred when it absolved appellee from paying $350 in attorney fees awarded appellant in a previous contempt action. This claim is without merit.

Evidence presented during the hearing on this action established that this debt of appellee's had been discharged in bankruptcy. In *Manuel v. Manuel*, 239 Ga. 685, 686 (238 SE2d 328) (1977), this court held that when "an application for a determination of dischargeability is filed and adjudicated in the bankruptcy court, that judgment is res judicata in other courts."

2. Appellant's second enumeration of error attempts to review a previous contempt order dated October 19, 1976, which reduced an award of attorney fees from $450 to $350. No notice of appeal was ever filed after entry of this judgment, and it cannot be now raised for review. Code § 6-803 (a).

3. A final enumeration of error claims that the trial court erred in refusing to increase appellee's support payments. This enumeration is also meritless. A trial judge has no authority in a contempt proceeding to modify the terms of a divorce and alimony judgment. *Herrington v. Herrington*, 231 Ga. 177 (200 SE2d 867) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1978 — DECIDED OCTOBER 31, 1978.

*Fred W. Minter,* for appellant.
Charles T. Kiplinger, *pro se.*