61512. McLURE v. McLURE.

SOGNIER, Judge.

Delores and Charles McLure were divorced in October 1974. Pursuant to the final decree of divorce, Ms. McLure was awarded $15,000 lump sum alimony to be paid in monthly installments. In March 1976 the parties entered into an agreement whereby Ms. McLure released McLure from any and all claims she had for alimony under the divorce decree in exchange for $1,000 upon execution of the agreement and $1,500 to be made in periodic payments. Ms. McLure received the $1,000 payment; McLure paid approximately $500 more to Ms. McLure; thereafter, McLure defaulted on the remaining payments. On July 31, 1980 Ms. McLure filed a garnishment proceeding against McLure based on the original divorce decree. McLure filed a traverse to the garnishment defending on the basis of the release agreement. The trial court granted the traverse and Ms. McLure appeals.

1. Appellant contends that the trial court erred in granting appellee's traverse of garnishment because the agreement to release appellee from his obligation under the original divorce decree was not a valid modification of alimony. Code Ann. § 30-220 (a) provides: "The judgment of a court providing permanent alimony for the support of a spouse shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of either former spouse . . . " In *Meredith v. Meredith,* 238 Ga. 595, 596 (1) (234 SE2d 510) (1977), the Supreme Court stated: "If the parties to a divorce decree agree to a modification of alimony, they must present their agreement to the court for its approval." *Meredith* involved modification of permanent alimony under the provisions of Code Ann. § 30-220. In the instant case the divorce decree does not award permanent alimony to Ms. McLure. The lump sum of $15,000 to be paid in periodic installments is in the nature of a property settlement. *Solomon v. Solomon,* 241 Ga. 188, 189 (244 SE2d 2) (1978); *Hathcock v. Hathcock,* 246 Ga. 233, 234 (271 SE2d 147)

(1980). Thus, we do not view this case as involving a question of modification of the original decree; rather, the issue is whether appellant by agreement released appellee from the judgment in the amount of $15,000.

2. Appellee contends that Code Ann. § 39-604 applies. This code section provides: "An agreement for valuable consideration never to enforce a judgment or execution shall release the judgment or execution." However, "[a]n executory agreement by the plaintiff [appellant] in execution with the defendant [appellee], to accept in payment less than the whole amount of the debt, is not obligatory without a fresh consideration to support it, and mere payment of a part of the sum agreed on will not serve as a consideration." *Blalock v. Jackson,* 94 Ga. 469 (3) (20 SE 346) (1894); *Taylor v. Central of Ga. R. Co.,* 99 Ga. App. 224, 225 (108 SE2d 103) (1959). An agreement to release a debt of $15,000 by payment of $2,500 in installments is executory in nature and does not amount to a release, even though part of the $2,500 has been paid. Since there was no new consideration for the release agreement, the original judgment is valid as a basis for appellant's garnishment proceedings.

3. Appellant claims that $12,500 is due on the original judgment. However, no proof was submitted as to the amount due on the original judgment. The judgment of the trial court is reversed with direction that a hearing be held to determine the amount owed to appellant pursuant to the judgment of $15,000. *Brodie v. Brodie,* 155 Ga. App. 593, 594 (271 SE2d 725) (1980).

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 19, 1981.

*L. Joel Collins,* for appellant.
*Neal B. Littlejohn,* for appellee.