## 64092. McLURE v. McLURE.

SOGNIER, Judge.

This is the second appearance of this case before this court. See *McLure v. McLure,* 159 Ga. App. 18 (282 SE2d 674) (1981).

In the earlier case, Ms. McLure had filed garnishment proceedings against Mr. McLure to collect arrearages based on an award of $15,000 to be paid in monthly installments pursuant to their final divorce decree. In *McLure,* supra, we held that the award was

"in the nature of a property settlement" for purposes of an attempt by Mr. McLure to obtain a release from the original judgment. On June 19, 1981 we reversed and remanded the case to the trial court for determination of the amount due on the original judgment. On July 1, 1981 Mr. McLure filed a petition in bankruptcy pursuant to Chapter 11 of the United States Code. Mr. McLure then filed an amendment to his traverse and pleaded the defense of discharge in bankruptcy. The federal bankruptcy court by order abstained from proceeding on the debt. The trial court granted the traverse and Ms. McLure appeals.

Appellant contends that the trial court erred in granting Mr. McLure's traverse because the payments due pursuant to the divorce decree were for support and were not dischargeable in bankruptcy. See 11 U.S.C. § 523 (a) (5) (B). The trial court concluded as a matter of law that our decision in *McLure,* supra, entitled Mr. McLure to be discharged in bankruptcy because we said: "In the instant case, the divorce decree does not award permanent alimony to Ms. McLure. The lump sum of $15,000 to be paid in periodic installments is in the nature of a property settlement . . ." The original divorce decree does not indicate whether the periodic payments are a division of the marital property or for the purpose of support for Ms. McLure.

The issue in this case is not the name given the periodic payments, but whether the payments are an award for support and maintenance. "[A] classification under state law of these claims against the appellee as either alimony or a property settlement is not dispositive of the question of whether the claims are dischargeable in bankruptcy. As we have previously stated, debts for alimony *or maintenance or support of wife or child* are not dischargeable in bankruptcy. It is entirely conceivable that the purpose of a property settlement might be to provide the former wife with maintenance or support. If so, the obligation of the former husband to effectuate the property settlement agreement, or comply with the decree in which it is embodied, would not be dischargeable in bankruptcy." *Manuel v. Manuel,* 239 Ga. 685, 687 (238 SE2d 328) (1977).

While it is true that parol evidence is generally inadmissible to vary the terms of a contract, or a judgment, our Supreme Court in *Manuel,* supra, has held that the trial court has ample authority to look behind the judgment to the record to ascertain from the facts and circumstances of the marital situation whether the obligation imposed on the husband by the original judgment is dischargeable in bankruptcy. Id. at p. 689.

Thus, the trial court erred in granting Mr. McLure's traverse; the case is remanded for determination whether the periodic payments provided for in the original judgment are for the support

and maintenance of Ms. McLure.
*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 13, 1982.

*L. Joel Collins,* for appellant.
*Neal B. Littlejohn,* for appellees.