Janet BECKMANN, Plaintiff and Respondent,

v.

J. Alfred BECKMANN, Defendant and Appellant.

No. 18693.

Supreme Court of Utah.

July 6, 1984.

Royal K. Hunt, Salt Lake City, for defendant and appellant.

Merrill G. Hansen, Salt Lake City, for plaintiff and respondent.

HOWE, Justice.

The plaintiff and defendant were divorced in 1980. Subsequently, the defendant was discharged in bankruptcy from all of his dischargeable debts. Following a hearing on an order to show cause brought by the plaintiff in a post-divorce proceeding, the trial court ruled that the debts which the defendant was ordered in the decree of divorce to pay were in the nature of support for the plaintiff and the minor children and therefore were not discharged by his bankruptcy. Defendant appeals on the grounds that (1) the trial court had no jurisdiction under the bankruptcy code to determine the dischargeability of the debts; (2) that the bankruptcy court order discharging defendant from all dischargeable debts was res judicata; and (3) that the trial court erred in determining that the debts which he was ordered to pay in the decree of divorce were in the nature of support and thus not dischargeable.

## JURISDICTION

In its ruling, the trial court found in pertinent part:

(9) That the defendant is required to pay the bills set forth in the divorce decree since they were not dischargeable in bankruptcy. That since he was ordered to save the plaintiff harmless on said bills that the payment of bills was in lieu of alimony and support.

(10) That the defendant is ordered to pay to the plaintiff the sum of $2,500 for the repair of the roof on plaintiff's home as the order to repair said roof was in lieu of support and alimony.

Defendant contends that the dischargeability of a debt must be determined by the bankruptcy court and that the order of the trial court, a state court, in regard thereto must be vacated. He cites *Brown v. Felsen*, 442 U.S. 127, 99 Sup.Ct. 2205, 60 L.Ed.2d 767 (1979) and *In re Warner*, 5 B.R. 434 (Bkrtcy.D.Utah 1980) in support of his argument.

11 U.S.C.A. § 523(a) provides:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

. . . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support . . . .

28 U.S.C.A. § 1471(b) [1] and (c) define the jurisdiction of the bankruptcy courts in cases such as the one under review:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district court in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

Under Rule 4007(b) of the 1983 Rules of Bankruptcy Procedure (superseding sub-

---

1. 28 U.S.C.A. § 1471(b) effective April 1, 1984, and made applicable during the transition period by § 405(b) of the Act of November 6, 1978.

stantively identical Rule 409(a)(1) in force at the time at issue here), a complaint to determine dischargeability of a debt under § 523(a)(5) may be filed at any time. The advisory committee note to Rule 4007(b) comments:

> Subdivision (b) does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8), or (9). Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.

In spite of the clarity of the statutory law and committee note, considerable confusion exists as to whether a state court may determine the nature of a debt for purposes of § 523(a)(5) or whether the bankruptcy court alone must determine the issue of dischargeability. Case law is inconclusive on the subject. See *In re Littlefield*, 17 B.R. 549 (Bkrtcy.D.Utah 1982) (bankruptcy court denied debtor's motion to determine dischargeability of debt found to be nondischargeable in state court during order to show cause hearing); *Stamper v. Stamper*, 17 B.R. 216 (Bkrtcy.S.D.Ohio 1982) (bankruptcy court held state court finding as to dischargeability not res judicata in complaint to determine dischargeability prior to debtor's adjudication as bankrupt, as question of discharge was not before state court in contempt proceeding); *In re Lovett*, 6 B.R. 270 (Bkrtcy.D.Utah 1980) (bankruptcy court reviewed judgment for delinquent child support initiated before, but rendered by state court after, petition in bankruptcy filing and determined question of what constituted alimony, maintenance and support to be federal question to be resolved by bankruptcy court); *In re Peterman*, 5 B.R. 687 (Bkrtcy.E.D.Pa.1980) (bankruptcy court denied relitigation of state court finding that debt was dischargeable on grounds of res judicata and collateral estoppel); *In re Warner*, supra (court dealt with provisions under previous and present bankruptcy code and held that issue of dischargeability under present code is not at issue until the

bankruptcy court's jurisdiction is involved, but that court is bound by collateral estoppel in characterizing the obligations created by the divorce decree); *In re Williams*, 3 B.R. 401 (Bkrtcy.N.D.Ga.1980) (bankruptcy court held state court finding that debt was not dischargeable, not res judicata and held debt was discharged on debtor's complaint to determine dischargeability). *In re Williams*, supra, placed great reliance upon *Brown v. Felsen, supra*. However, *Brown v. Felsen* dealt with issues of fraud that were not addressed in state court and held that they were not precluded from determination in bankruptcy court under § 17(a)(2), (4) of the 1978 Bankruptcy Act (now codified as 11 U.S.C.A. § 523(a)(2), (4)). That section is not at issue here, and *Brown v. Felsen* is not controlling.

The divorce decree and judgment in the instant case was entered on October 14, 1980. Defendant filed his chapter 7 bankruptcy petition on May 11, 1981 and was discharged on July 27, 1981. The order of discharge in relevant part contains two orders material here:

> (1) The above-named debtor is released from all *dischargeable* debts.

> (2) Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

> (a) Debts *dischargeable* under 11 U.S.C. § 523;

> (b) Unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharges under clauses (2), (4), and (6) of 11 U.S.C. § 523(a);

> (c) Debts determined by this court to be discharged under 11 U.S.C. § 523(d).

(Emphasis added.)

On November 25, 1981 the plaintiff's order to show cause was heard in the trial court. The order to show cause concerned debts the defendant had been ordered to pay and hold the plaintiff harmless from in a "property settlement agreement" entered into by the parties, the terms of which

were incorporated into the decree of divorce. It also concerned a provision in that agreement (and ordered in the decree) that the defendant repair the roof on the parties' residence, which property was awarded to plaintiff in the decree. Judgment liens, tax liens and employment tax liens were placed upon that property (which plaintiff had been awarded subject to a first mortgage only) as the result of defendant's failure to pay the debts. Defendant defended on the ground that he had been discharged from all those debts in bankruptcy. The trial court listened to testimony from both sides and found that the debts assumed by the defendant were in the nature of alimony, maintenance and support and that they were not dischargeable in bankruptcy.

The law is clear that state and federal courts have concurrent jurisdiction to determine issues raised under 11 U.S.C.A. § 523(a)(5). In spite of seemingly inconsistent rulings, the bright line common to the case law mentioned, ante, would suggest that where the determination of dischargeability has been brought before a bankruptcy court, that court may review a judgment, decree or order which is claimed to be in the nature of alimony, maintenance and support, and determine the underlying characterization of the obligation imposed. Where the jurisdiction of the state court is invoked after bankruptcy adjudication, and no attempt is made to bring a complaint in bankruptcy court to determine dischargeability, the state court is competent to make factual findings and conclude from them whether the debt is dischargeable or not.

The trial court ruled that the order to pay the debts under the divorce decree at issue here was in the nature of support. It then determined that even in light of the changes in the circumstances of the parties since the entry of the divorce decree, the payment of those debts by the defendant would fulfill present needs for support and maintenance. Both prongs of the test were thus used to determine dischargeability in bankruptcy court. *In re*

*Lovett, supra; In re Warner, supra.* The order resulting from the state court's findings is a binding judgment as the factual issues were actually litigated, estopping further inquiry into that issue by the bankruptcy court. *In re Warner, supra.* The better view, we think, is expressed in *Brown v. Felsen* where the court addressed the very issue before us here in dictum only:

> If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [now reincorporated with substantive changes not relevant here in § 523] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Id.* at 776, n. 10.

Our holding is also consonant with implicit legislative intent not to grant exclusive jurisdiction to bankruptcy courts in matters involving family law. The state court retains continuing jurisdiction over those matters. To rob it of the power to determine the nature of a spousal debt would severely undermine its ability to function in its role of ultimate arbiter over changing domestic relations.

## RES JUDICATA OF DISCHARGE ORDER

Defendant's claim that the bankruptcy court order of discharge was res judicata on the issue of spousal debts in the state court is without merit. Under paragraph 1 of the order defendant is discharged from all dischargeable debts. Under paragraph 2(b) debts under § 523(a)(5) are expressly excluded from the discharge. The question of dischargeability under that section remained open-ended, as further supported by Rule 4007, supra, allowing a complaint to determine dischargeability under that section to be filed at any time. 3 L. King, R. Babitt, A. Herzog & R. Levin, Collier on Bankruptcy, 523.15 (15th ed. 1979) states on that point:

> By virtue of the permissive grant to file the complaint, and by comparison with

section 523(c) it is clear that the bankruptcy court only has jurisdiction concurrent with the local court, unless the debt falls within the coverage of section 523(c). That paragraph provides that a request (complaint) to determine the dischargeability of debts, claimed nondischargeable because of clauses (2), (4), and (6) of section 523(a) *must* be filed in the bankruptcy court within the time specified, *and if they are not they are deemed to be discharged.* Thus, debts falling within other clauses of section 523(a) may have the issue of dischargeability tried in courts other than those of bankruptcy unless a complaint is filed by either the creditor or the debtor in the bankruptcy court.

(Emphasis in original.)

▬ There thus never was "a final judgment on the merits [that] bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen, supra.* The nondischargeable debts were never in issue in the bankruptcy court. Defendant claims that the roof repair item owed to plaintiff was listed on the creditor's list, but we have nothing before us to substantiate that claim and are therefore precluded from addressing that point. Nor was plaintiff collaterally estopped from presenting the issue of spousal support to the state court. That issue was not involved in the bankruptcy action; it was not actually litigated; it was not determined by a valid and final judgment; and the determination of that issue was not essential to the prior judgment. *In re Peterman, supra.*

## SUFFICIENCY OF EVIDENCE

▬ Defendant claims that his obligation to repair the roof of the plaintiff's home and to hold her harmless from all other debts was part of a property settlement and therefore discharged by his bankruptcy. He also argues that there is no evidence to support the trial court's ruling to the contrary. Under applicable standards of review, we affirm if the judgment is supported by competent evidence. *Er-*

*ickson v. Beardall,* 20 Utah 2d 287, 437 P.2d 210 (1968). The fact that an instrument is labeled "property settlement agreement" is not sufficient in and of itself to remove it from scrutiny beyond the four corners of the instrument. An amount may be characterized as property settlement to shield it from the grasp of the Internal Revenue Service, when in fact it is needed to maintain a family during the transition to single parent household. One bankruptcy court has expressly rejected the contractual approach to determine whether or not a debt is dischargeable as a property settlement or nondischargeable as spousal support. Instead, extrinsic evidence is required to prove the underlying nature of the debt. *In re Warner, supra.* The test, as we have recently had occasion to note, is that "if without the debt assumption, the spouse would be inadequately supported, the debt assumption was meant to be support." *Holt v. Holt,* Utah, 672 P.2d 738, 743 (1983) and authorities there cited. To do otherwise would be to exalt form over substance. To enforce the general purpose of the bankruptcy laws in providing relief for the debtor, the test announced in *Holt v. Holt, supra,* must be passed at the time the debt was imposed in the divorce decree and again at the time the discharge of the debt is attempted. *In re Warner, supra.*

▬ The test was applied by the trial court here. The defendant was before it on an order to show cause based on his nonpayment of the debts and his failure to repair the roof of the residence of the plaintiff and some of the minor children. The trial court heard testimony that defendant had not made any child support payments; that plaintiff was on welfare; that as a result of his failure to hold her harmless against debts incurred during the marriage, judgment liens, tax liens and employment tax liens in excess of $22,000 had been placed upon her house; and that she earned an income of $800 per month. Without further belaboring the point, we believe that there was competent evidence from which the trial court could find that

the sums here at issue were for the maintenance and support of the former spouse and children, both then and now, and that without them she would be inadequately supported.

The judgment is affirmed with costs awarded to the plaintiff.

HALL, C.J., and DOUGLAS L. CORNABY and SCOTT DANIELS, District Judges, concur.

STEWART and DURHAM, JJ., do not participate herein; CORNABY and DANIELS, District Judges, sat.

OAKS, J., having resigned, does not participate herein.