### A93A0348. COLLINS v. COLLINS.

(432 SE2d 605)

BLACKBURN, Judge.

The appellant, Louella Collins, and the appellee, Willie Collins, were divorced on August 2, 1991. The divorce decree entered on that date provided that a previous order entered on May 28, 1991, remained in full force and effect, and also ordered the appellee to pay the appellant $7,500 as a property settlement. The May 1991 order had required the appellee to pay, as temporary alimony, one-half of the appellant's medical expenses, $500 per month for rehabilitation expenses for five months, and $1,000 for attorney fees.

On August 14, 1991, the appellee filed a Chapter 7 bankruptcy petition, in which he listed the debt owed the appellant pursuant to the divorce decree. The appellant filed an objection to the discharge of that debt, but the bankruptcy judge dismissed the objection because the appellant failed to pay the requisite filing fee. On March 5, 1992, the bankruptcy court released the appellee "from all dischargeable debts."

On May 29, 1992, the appellant commenced this action seeking to hold the appellee in contempt of court because of his failure to make any of the payments provided in the divorce decree or the previous order entered on May 28, 1991. The appellee defended on the basis that the debt was discharged by the final order of the bankruptcy court. The trial court dismissed the appellant's complaint, presumably because of the appellee's discharge in bankruptcy, and this discretionary appeal followed.

Under 11 USC § 523 (a), debts to a spouse or former spouse for alimony, maintenance, or support are not dischargeable in bankruptcy. State courts have concurrent jurisdiction with federal bankruptcy courts to determine whether claims under that section of the Bankruptcy Act are dischargeable. "If . . . an application for a determination of dischargeability is filed and adjudicated in the bankruptcy court, that judgment is res judicata in other courts." *Manuel v. Manuel,* 239 Ga. 685, 686 (238 SE2d 328) (1977).

In the instant case, although the appellant filed an objection to the discharge of the debt in the bankruptcy court, that objection was dismissed for procedural reasons because the appellant failed to pay the requisite filing fee. The dischargeability of the debt in question in this case thus was not adjudicated by the bankruptcy court, and the appellee's discharge in bankruptcy is not res judicata in this state

court proceeding.

The appellee emphasizes that the debt created in the divorce decree constituted a property settlement, rather than alimony, maintenance, or support, and thus was properly discharged in bankruptcy. However, although the divorce decree awarded the appellant $7,500 as a property settlement, the May 1991 order provided for certain payments as temporary alimony. Further, "a classification under state law of these claims against the appellee as either alimony or a property settlement is not dispositive of the question of whether the claims are dischargeable in bankruptcy. As we have previously stated, debts for alimony *or maintenance or support of wife or child* are not dischargeable in bankruptcy. It is entirely conceivable that the purpose of a property settlement might be to provide the former wife with maintenance or support. If so, the obligation of the former husband to effectuate the property settlement agreement, or comply with the decree in which it is embodied, would not be dischargeable in bankruptcy." *Manuel v. Manuel,* supra at 687-688.

In the instant case, the trial court erred in dismissing the appellant's complaint because of the appellee's discharge in bankruptcy. That determination in the bankruptcy court was not binding on the trial court, and the trial court "has ample authority to look behind the judgment to the record to ascertain from the facts and circumstances of the marital situation whether the obligation imposed on the husband . . . is dischargeable in bankruptcy." Id. at 689. See also *McClure v. McClure,* 163 Ga. App. 469 (294 SE2d 693) (1982). Accordingly, this case must be reversed and remanded to the trial court for such a determination.

*Judgment reversed and remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993.

*William F. Lozier,* for appellant.
*Linda Y. Bratton-Haynes,* for appellee.