A07A0642. GOWINS v. GARY.
(643 SE2d 836)

ANDREWS, Presiding Judge.

Diana Gowins petitioned the trial court for a finding that W. E. Gary was in contempt of court for wilful failure to pay child support due under the court's April 29, 2005 judgment incorporating the terms of the parties' July 3, 2002 settlement agreement for custody and support of their two minor children. On August 4, 2006, the trial court found Gary in contempt for failure to pay $135,000 in child support which accrued under the agreement after the court's April 29, 2005 judgment was entered.[1] But the trial court also found that, because the agreement was a contract between the parties and not a court order prior to being incorporated into the court's judgment, the court had no authority to consider whether Gary was in contempt for any failure to pay child support which accrued under the agreement prior to the date the judgment was entered. The trial court also refused to award interest on the amount of child support it found enforceable by contempt.

---

[1] The contempt order notes that Gary immediately purged his contempt by paying Gowins $135,000 from funds held in an escrow account for that purpose.

On appeal, Gowins claims the trial court erred by ruling that it lacked authority to consider the above portion of her contempt petition, and erred by refusing to award interest. For the following reasons, we reverse the trial court's ruling that it had no authority to consider whether Gary was in contempt for a failure to pay child support accruing prior to entry of the judgment, vacate the court's ruling with respect to the award of interest, and remand the case to the trial court to consider these issues.

1. The record shows that, after twin children were born to Gowins on November 9, 2000, Gowins and Gary entered into a settlement agreement on July 3, 2002, in which Gary admitted paternity, agreed that Gowins would retain sole custody of the twins, and agreed to pay Gowins $14,000 per month per child as child support. In July 2004, Gowins filed a complaint for paternity and child support in Fulton County Superior Court and attached the settlement agreement. A trial ensued at which Gary did not contest paternity but claimed the amount of child support set forth in the settlement agreement was a mutual mistake of fact. The trial court rejected Gary's claim and entered a judgment on April 29, 2005, which concluded that Gary had the financial means to make the child support payments he agreed to in the settlement agreement, and which approved the settlement agreement and incorporated the terms of the agreement into the court's judgment. After entry of the judgment, Gary filed a motion for new trial. At the hearing on the motion for new trial, Gary argued that the judgment incorporating the terms of the settlement agreement could not be construed to apply to child support arrearage accruing from the July 3, 2002 date of the settlement agreement to the entry of the judgment on April 29, 2005. On October 5, 2005, the trial court entered an order denying the motion for new trial. The denial order made clear that the court's April 29, 2005 judgment incorporated the terms of the settlement agreement, but the court added a comment in the order stating that "the Court did not grant an award of back child support."

On November 29, 2005, Gowins filed a petition for contempt alleging that Gary wilfully refused to make child support payments under the settlement agreement as incorporated into the trial court's judgment. At the hearing on the contempt petition, Gary again argued that, even though the April 29, 2005 judgment incorporated the child support provisions of the July 3, 2002 settlement agreement, the judgment could not be construed to apply to any child support arrearage which accrued under the terms of the agreement prior to entry of the judgment incorporating the agreement. Gary argued that the trial court's order denying the motion for new trial, but also stating that the court did not award "back child support," made this clear. Alternatively, Gary contended that, the trial court's

October 5, 2005 order denying the motion for new trial, but stating that the court did not award "back child support," sufficiently confused the issue so that any failure on his part to make support payments which accrued from the July 3, 2002 agreement to the April 29, 2005 entry of the judgment incorporating the agreement was not a wilful refusal to comply with the court's judgment.

The trial court found Gary in contempt for wilful failure to pay child support which accrued under the terms of the settlement agreement after judgment was entered incorporating the agreement. But as to Gowins's claim that Gary was in contempt for refusing to pay support which accrued under the agreement before it was incorporated into the judgment, the trial court ruled that the agreement was simply a contract between the parties at that time, and that the court lacked authority to consider this contempt claim.

The trial court erred to the extent it ruled that it had no authority to consider a contempt claim for failure to pay child support which accrued under the settlement agreement prior to the date the agreement was incorporated into the court's judgment. As part of a trial court's inherent power to enforce its judgments, a valid judgment for child support may be enforced by a petition asking that the offending party be held in contempt for wilful refusal to comply with the judgment of the court. *Pate v. Pate*, 280 Ga. 796, 798 (631 SE2d 103) (2006); *Brown v. King*, 266 Ga. 890, 891 (472 SE2d 65) (1996); OCGA § 19-6-28 (a). Where the parties settle the issue of child support in a written agreement which is incorporated in and made a part of the court's judgment, the terms of the incorporated agreement no longer establish a private debt for support between the parties, but become the judgment of the court enforceable by contempt proceedings. *Fambrough v. Cannon*, 221 Ga. 289, 290 (144 SE2d 335) (1965); *Estes v. Estes*, 192 Ga. 94, 96-97 (14 SE2d 681) (1941); compare *Eickhoff v. Eickhoff*, 263 Ga. 498, 499-502 (435 SE2d 914) (1993) (recovery based on a settlement agreement not incorporated into the court's judgment is simply a contract action not enforceable by contempt), overruled on other grounds, *Lee v. Green Land Co.*, 272 Ga. 107, 108 (527 SE2d 204) (2000). When the settlement agreement between Gowins and Gary was incorporated into the trial court's judgment, the child support obligations imposed by the agreement from the date it was executed on July 3, 2002, became the support obligations awarded by the court's judgment. It follows that, after incorporating those obligations into its judgment, the trial court had authority to find Gary in contempt for a wilful failure to make support payments which accrued under the terms of the settlement agreement regardless of whether the payments accrued before or after the judgment was entered. *Graves v. Graves*, 239 Ga. 869 (239 SE2d 35) (1977). The trial court's ruling to the contrary is reversed.

> A trial court has wide discretion in determining whether its orders have been violated and such determination will not be disturbed absent a gross abuse of discretion. If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal.

(Citations and punctuation omitted.) *City of Roswell v. Eller Media Co.*, 275 Ga. 379 (566 SE2d 659) (2002). Because the trial court erroneously concluded it lacked authority, the court failed to exercise its discretion to determine whether Gary wilfully failed to pay child support which accrued under the agreement prior to entry of the court's April 29, 2005 judgment. Accordingly, the case is remanded to the trial court for consideration of this issue. The portion of the trial court's order finding Gary in contempt for wilful failure to pay child support accruing after the court's April 29, 2005 judgment is affirmed.

We find no merit in Gary's contention that the trial court's October 5, 2005 order denying his motion for new trial conclusively established that the court's April 29, 2005 judgment did not require him to make any child support payments that accrued under the settlement agreement prior to entry of the judgment. The order denying the motion for new trial reiterated that the court's judgment incorporated the terms of the settlement agreement, but the order also added a statement that "[t]he Court did not grant an award of back child support." The trial court did not explain what it meant by "back child support," but the court's judgment incorporating the settlement agreement clearly included an award of all child support payments due under the agreement. The added statement may have reflected an erroneous conclusion by the trial court that the legal effect of its judgment incorporating the settlement agreement was to exclude child support payments which accrued under the agreement prior to entry of the judgment. If so, we find this had no effect on the judgment entered by the court incorporating the terms of the agreement. It does, however, lend support to Gary's argument that the trial court's order denying his motion for new trial so confused the issue regarding these support payments that his failure to make the payments was not wilful disobedience of the court's judgment. Nevertheless, we conclude the added statement regarding "back child support" in the court's order denying the motion for new trial did not revoke or modify the judgment of the court incorporating the terms of the settlement agreement. See *Bagley v. Robertson*, 265 Ga. 144, 145-146 (454 SE2d 478) (1995).

2. Gowins contends the trial court also erred by refusing to award interest pursuant to former OCGA § 7-4-12.1 on the amount of child support arrearage enforceable by contempt. The former version of OCGA § 7-4-12.1 in effect when the trial court entered its contempt order on August 4, 2006, provided:

> All awards of child support expressed in monetary amounts shall accrue interest at the rate of 12 percent per annum commencing 30 days from the day such award or payment is due. This Code section shall apply to all awards, court orders, decrees, and judgments rendered pursuant to Title 19 [Domestic Relations]. It shall not be necessary for the party to whom the child support is due to reduce any such award to judgment in order to recover such interest.

Under the former version of OCGA § 7-4-12.1, Gowins was entitled to the award of interest which automatically accrued on the amount of child support arrearage found in the contempt proceeding, and the trial court erred by declining to award interest. *Reid v. Reid*, 232 Ga. App. 304, 305 (502 SE2d 269) (1998). However, while the present appeal was pending, an amended version of OCGA § 7-4-12.1 took effect which provides:

> (a) All awards of child support expressed in monetary amounts shall accrue interest at the rate of 7 percent per annum commencing 30 days from the day such award or payment is due. This Code section shall apply to all awards, court orders, decrees, and judgments rendered pursuant to Title 19. It shall not be necessary for the party to whom the child support is due to reduce any such award to judgment in order to recover such interest. The court shall have discretion in applying or waiving past due interest. In determining whether to apply, waive, or reduce the amount of interest owed, the Court shall consider whether:
>
> (1) Good cause existed for the nonpayment of the child support;
>
> (2) Payment of the interest would result in substantial and unreasonable hardship for the parent owing the interest;
>
> (3) Applying, waiving, or reducing the interest would enhance or detract from the parent's current ability to pay child support, including the consideration of the regularity of payments made for current child support of those dependents for whom support is owed; and

(4) The waiver or reduction of interest would result in substantial and unreasonable hardship to the parent to whom interest is owed.

(b) This Code section shall not be construed to abrogate the authority of a IV-D agency to waive, reduce, or negotiate a settlement of unreimbursed public assistance in accordance with subsection (b) of Code Section 19-11-5.

The Act setting forth the amended version of OCGA § 7-4-12.1 provides that it "shall become effective on January 1, 2007, and shall apply to all pending civil actions on or after January 1, 2007." Ga. L. 2006, p. 584, § 2; p. 630, § 10. This sets forth the clear intention of the General Assembly to retroactively apply the amended version of OCGA § 7-4-12.1 to all civil actions which, like the present action, were filed when the former version of the statute was effective but are still pending on or after January 1, 2007.[2] Nevertheless, no law may be retroactively applied which affects or impairs substantive rights under prior law which have vested at the time the subsequent law takes effect. *Enger v. Erwin*, 245 Ga. 753-754 (267 SE2d 25) (1980); *Devore v. Liberty Mut. Ins. Co.*, 257 Ga. App. 7, 9 (570 SE2d 87) (2002); Ga. Const. of 1983, Art. I, Sec. I, Par. X. We previously found that the change related to the award of interest on child support arrearage brought about by the former version of OCGA § 7-4-12.1 was remedial rather than substantive in nature and therefore had retroactive application. *Reid*, 232 Ga. App. at 305-306. Similarly, we find that the amended version of OCGA § 7-4-12.1 makes changes related to interest on child support arrearage that are remedial rather than substantive; therefore retroactive application does not impair vested substantive rights.

It follows that, even though the trial court erred in its application of the former version of OCGA § 7-4-12.1 in effect at the time, the former version of the statute no longer applies, and the case must be concluded in the trial court pursuant to the amended version of OCGA § 7-4-12.1 which was retroactively applied to the present case while the case was pending on appeal. *Peoples Bank of LaGrange v. North Carolina Nat. Bank*, 230 Ga. 389, 391 (197 SE2d 352) (1973). Accordingly, the trial court's ruling on the award of interest made under the former version of OCGA § 7-4-12.1 is vacated, and the case

---

[2] The petition for contempt is not a new civil action but a motion ancillary to the primary civil action in which the trial court entered its April 29, 2005 judgment for child support incorporating the parties' settlement agreement. *King*, 266 Ga. 890; *Phillips v. Brown*, 263 Ga. 50, 51 (426 SE2d 866) (1993).

is remanded to the trial court for the court to reconsider Gowins's claim for the award of interest under the provisions of OCGA § 7-4-12.1, as amended.

*Judgment affirmed in part, reversed in part, vacated in part and case remanded with direction. Ellington and Adams, JJ., concur.*

DECIDED MARCH 20, 2007 —

*Moss & Rothenberg, Robert A. Moss*, for appellant.

*Lenner, Schatten & Behrman, Kenneth H. Schatten, Cordell & Cordell, Tamar O. Faulhaber*, for appellee.