S07G1104. GARY v. GOWINS.
(658 SE2d 575)

THOMPSON, Justice.

We granted certiorari in this case to determine whether the Court of Appeals erred by concluding that the trial court had authority to consider holding a parent in contempt for failing to make child support payments which accrued under a settlement agreement prior to the date the agreement was incorporated into a court judgment. See *Gowins v. Gary*, 284 Ga. App. 370 (643 SE2d 836) (2007). For the reasons that follow, we find that the trial court in this case was without authority to hold the parent in contempt of court and we reverse.

Appellee Diana Gowins and appellant W. E. Gary are the parents of twins born in 2000. The parties, who were not married to each other, entered into a July 2002 settlement agreement placing sole legal custody of the children with Gowins and obligating Gary to pay, inter alia, child support in the amount of $14,000 per month per child. In July 2004 Gowins filed a complaint for paternity and child support asking the court to incorporate the settlement agreement into its final judgment. Gary answered and sought to set aside the settlement agreement, arguing that he agreed to pay child support in the amount of $14,000 per month for both children, not $14,000 per month for each child.

---

[14] OCGA § 23-2-21; *Fulghum v. Kelly*, 255 Ga. 652, 654 (340 SE2d 589) (1986).

In an April 2005 order, the trial court rejected Gary's claim of mutual mistake, incorporated the agreement into the final judgment, and ordered Gary to pay child support of $14,000 per month per child. Gary filed a motion for new trial and sought clarification regarding whether the judgment required him to pay back child support. To the extent the court's judgment may have included such an award, he alleged it was contrary to law. The court denied Gary's motion in an order specifically stating that no award of back child support had been granted in the final judgment.

In November 2005 Gowins filed a contempt action charging Gary with wilful failure to pay child support as required under the April 2005 judgment. The trial court held Gary in contempt for his failure to make certain child support payments since the date the agreement was incorporated into the final judgment but ruled Gary could not be held in contempt for failure to pay child support due under the parties' agreement prior to its incorporation. The Court of Appeals reversed, holding that when the settlement agreement was incorporated into the April 2005 judgment, the child support obligations imposed by the agreement from the date it was executed in July 2002 became the support obligations awarded by the court.

Proceedings for contempt are available to enforce or compel obedience to a court's orders and decrees. *Griggers v. Bryant*, 239 Ga. 244, 246 (236 SE2d 599) (1977). In this case, although the trial court incorporated the settlement agreement into the final judgment, the judgment itself is silent as to Gary's specific obligation to make child support payments which accrued under the parties' then private settlement agreement. The trial court, however, unambiguously stated in its clarification order that the judgment did not include an award of back child support. This holding was reiterated when the court subsequently refused to hold Gary in contempt for failure to make child support payments due prior to the April 2005 judgment because there was no court order requiring him to do so.

Considering the obligations imposed under the April 2005 final judgment, together with the obligations set forth in the subsequent clarification order, we find no clear directive from the trial court as to Gary's obligation for child support prior to the April 2005 judgment. "Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him. [Cit.]" *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72) (2007). See also *Eickhoff v. Eickhoff*, 263 Ga. 498, 502 (435 SE2d 914) (1993) ("a party who is in breach of a mere private contract to pay money is not, in this state, constitutionally amenable to a citation for contempt"). Compare *Griggers*, supra, 239 Ga. at 245 (judgments awarding alimony or child support include implicit command of court and are enforceable by action for contempt without

commanding language). We therefore reject the Court of Appeals' unsupported conclusion that the trial court's general statement incorporating the settlement agreement into its judgment overrode the court's more specific language clarifying its judgment. In so holding, the Court of Appeals gave no weight to the trial court's authority to approve or disapprove the settlement agreement in whole or in part and ignored the legal effect of the trial court's clarifying order. See *Booker v. Booker*, 219 Ga. 358 (133 SE2d 353) (1963) (court may approve of agreement establishing custody and child support in whole or in part, but if any change is made, language of the decree controls); *Kaufmann v. Kaufmann*, 246 Ga. 266 (3) (271 SE2d 175) (1980) (court may interpret and clarify its own orders). See also OCGA § 15-1-3 (6).

*Judgment reversed. All the Justices concur.*

HUNSTEIN, Presiding Justice, concurring.

I agree with the result reached by the majority but write separately to emphasize that I do so only under the peculiar facts presented. As noted above, "[a]wards of . . . child support are implicit commands of the court and are enforceable by action for contempt without language in terms of a command." *Griggers v. Bryant*, 239 Ga. 244, 245 (1) (236 SE2d 599) (1977). In this case, the trial court incorporated into its judgment the parties' settlement agreement in its entirety, including its provision that the agreed-upon child support payments were to commence on August 15, 2002. Thus, in the absence of the court's subsequent clarification order, compliance with the settlement agreement would have been enforceable by contempt retroactive to that date. See *Graves v. Graves*, 239 Ga. 869 (239 SE2d 35) (1977) (incorporated settlement agreement requiring payment of sums due pre-judgment enforceable by contempt). Compare *Eickhoff v. Eickhoff*, 263 Ga. 498 (3) (435 SE2d 914) (1993) (settlement agreement not incorporated into divorce decree enforceable only by contract action), overruled in part on other grounds by *Lee v. Green Land Co.*, 272 Ga. 107 (527 SE2d 204) (2000). To hold otherwise would stymie efforts to enforce pre-judgment obligations under such agreements and invite noncompliance with terms intended to facilitate the provision of maintenance, protection, and education to minor children whom both parties are statutorily obligated to support. See OCGA §§ 19-7-2, 19-7-24. Thus, nothing in the majority's opinion should be read as requiring a party to bring a separate contract action to enforce pre-judgment obligations that the trial court, having specifically approved as just and consistent with applicable law, has incorporated into its decree. Such a requirement would impose a needless burden on litigants, necessitate piecemeal litigation where a party has claims for both pre- and post-judgment noncompliance,

and may well result in the default of claims for pre-judgment non-compliance, to the detriment of the children who stand to benefit from efficient enforcement of their parents' support obligations.

Most agreements for child support are drafted in anticipation of incorporation into a court's decree. In this case, the agreement failed to provide for such incorporation, and the trial court, having considered the circumstances, determined in its clarification order that its judgment did not include past-due amounts. Because of this ruling, I agree with the majority that contempt could arise only from noncompliance occurring post-judgment. For this reason only, I concur.

I am authorized to state that Chief Justice Sears joins in this concurrence.

DECIDED MARCH 10, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

*Kenneth H. Schatten, Cordell & Cordell, Tamar O. Faulhaber,* for appellant.
*Moss & Rothenberg, Robert A. Moss,* for appellee.